[No. 11336–8–II. Division Two. January 30, 1989.]

WESTMARK PROPERTIES, INCORPORATED, *Respondent,* v. BRIAN P. MCGUIRE, ET AL, *Appellants.*

*Robert G. Hutchins* and *Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim,* for appellants.

*John P. O'Connor* and *Smith, Alling, Hudson & O'Connor,* for respondent.

Worswick, J.—Brian P. McGuire appeals an order denying his motion to vacate an arbitration award in favor of Westmark Properties, Inc., and an order and judgment confirming the award. Essentially, he contends that the arbitrator's "findings" are not supported by the evidence, and that the arbitrator misapplied the law. He also contends that the trial court erred by adding prejudgment interest. We modify the judgment by deleting the added interest; otherwise, we affirm.

Westmark managed McGuire's apartment properties in return for commissions. Westmark sued McGuire claiming reimbursement for expenditures allegedly made in McGuire's behalf, and for unpaid commissions. McGuire's answer asserted several affirmative defenses and a counterclaim. Before trial, the parties agreed to submit the controversy to arbitration pursuant to RCW 7.04, and agreed upon a Tacoma attorney to be arbitrator.

A lengthy hearing was conducted, attended by a court reporter hired by McGuire. In addition to the extensive

testimony, a large volume of exhibits was introduced. In due course, the arbitrator awarded Westmark a dollar sum on its reimbursement claim, but concluded that damages on McGuire's counterclaim equaled Westmark's claim for commissions; therefore, he allowed no recovery on either of these claims. The award did not mention interest.

McGuire has presented us with a 4–volume report of proceedings, all exhibits, and a line–by–line—almost word–by–word—analysis of the arbitrator's 3–page letter. He approaches the matter exactly as would a party making a detailed and sophisticated attack on findings of fact and conclusions of law following a superior court trial. This approach reflects a misconception of the nature of arbitration and the role of the court in the process.

The very purpose of arbitration is to avoid the courts. It is designed to settle controversies, not to serve as a prelude to litigation. *Thorgaard Plumbing & Heating Co. v. County of King,* 71 Wn.2d 126, 133, 426 P.2d 828 (1967); *Skagit Cy. v. Trowbridge,* 25 Wash. 140, 64 P. 901 (1901). Arbitration is similar to a judicial inquiry only in that witnesses are called and evidence is considered, but the arbitrator's role is markedly different from that of a judicial officer. *Thorgaard Plumbing,* 71 Wn.2d at 132. Judicial scrutiny of an arbitration award is strictly limited; courts will not review an arbitrator's decision on the merits. *Hatch v. Cole,* 128 Wash. 107, 113, 222 P. 463, *aff'd,* 130 Wash. 706 (1924), citing *Smith v. Cutler,* 10 Wend. 590 (N.Y. 1833).

An arbitration award can be vacated only upon one of the grounds specified in RCW 7.04.160. *Schreifels v. Safeco Ins. Co.,* 45 Wn. App. 442, 725 P.2d 1022 (1986). Of these, only the following ground arguably is applicable here:

> (4) Where the arbitrators exceeded their powers, *or so imperfectly executed them that a final and definite award upon the subject matter submitted was not made.*

(Italics ours.) The grounds for vacation must appear on the face of the award. *Northern State Constr. Co. v. Banchero,* 63 Wn.2d 245, 386 P.2d 625 (1963). The evidence before the arbitrator will not be considered. *Puget Sound Bridge &*

*Dredging Co. v. Frye*, 142 Wash. 166, 178, 252 P. 546 (1927). An award consists of a statement of the outcome, much as a judgment states the outcome. A statement of reasons for the award is not part of the award. *Lent's, Inc. v. Santa Fe Eng'rs, Inc.*, 29 Wn. App. 257, 628 P.2d 488 (1981).

Here, the arbitrator's letter containing the award consists largely of random observations about the case in general and about some of the evidence. McGuire attempts to characterize these observations as factual findings, and, utilizing the report of proceedings, meticulously dissects them. Following this endeavor, apparently intended to convince us that the arbitrator "imperfectly" exercised his powers, McGuire argues that the "findings" are unsupported by the evidence, and that therefore the award resulted from an erroneous application of the law, because there are no facts to support the legal conclusions apparently drawn from the facts by the arbitrator.[1] McGuire has misread RCW 7.04.160(4).

The award was contained in two sentences of the arbitrator's 3-page letter, *viz.*:

> . . . I find that the plaintiff is entitled to judgment against the defendants in the sum of $24,789.92, by way of reimbursement.
>
> . . . I am finding that the balance due the plaintiff for management fees is offset by shortfall in rentals.

McGuire properly concedes that these statements cover all three issues submitted to the arbitrator: (1) whether Westmark was entitled to reimbursement for expenses advanced; (2) whether Westmark was entitled to payment for commissions; and (3) whether McGuire was entitled to damages because of rental shortfalls. The statements were substantively sufficient on their face to settle the dispute on the merits, disposed of all the issues, and were clear enough to

---

[1]An error of law appearing on the face of the award is one that is recognizable from the language of the award. *See, e.g., Kennewick Educ. Ass'n v. Kennewick Sch. Dist. 17*, 35 Wn. App. 280, 666 P.2d 928 (1983) (arbitrator identified portion of award as punitive damages). No such error appears on the face of this award.

indicate the relief to which each party was entitled. *See Lent's, Inc.*, 29 Wn. App. at 266. McGuire has not shown that the arbitrator either exceeded or, by failing to make a complete and final decision, imperfectly exercised his powers. RCW 7.04.160(4). The arbitrator was empowered to decide the issues submitted; he decided nothing more. He made a full and final decision. The statute equates imperfection with incompletion. There was no imperfection. Judicial scrutiny stops here.

We do agree with McGuire, however, that the trial court erred in adding prejudgment interest to the award. Inasmuch as the court was foreclosed from going behind the face of award, it has no basis for determining whether the amount awarded met the test for prejudgment interest; this was part of the merits of the controversy, forbidden territory for a court. *Cf. School Dist. 5, Snohomish Cy. v. Sage*, 13 Wash. 352, 43 P. 341 (1896). *See* RCW 7.04.170. The interest added by the court must be deleted.

Affirmed, as modified.

ALEXANDER, C.J., and REED, J., concur.