942 P.2d 375 (1997)
87 Wash.App. 390
Janice M. KEMPF, Appellant,
v.
Nick PURYEAR, Respondent.
No. 15557-9-III.
Court of Appeals of Washington, Division 3, Panel Nine.
August 19, 1997.
As Amended September 23, 1997.
Reconsideration Denied October 22, 1997.
*376 David W. Hubert, Spokane, for Appellant.
Neil E. Humphries, Humphries, Patterson & Lewis, Spokane, for Respondent.
SWEENEY, Chief Judge.
Janice M. Kempf appeals from an order setting aside an arbitration award in her favor. The question presented is whether the arbitrators' conductwhich included ex parte contact with the parties and failure to swear witnessesrises to the level of "other misbehavior, by which the rights of any party have been prejudiced." RCW 7.04.160(3). We conclude that it does not and reverse the trial court's order.

FACTS
On May 11, 1994, Ms. Kempf contracted with Nick Puryear to build a house. Their agreement required arbitration of disputes. They also agreed that "[a] Majority decision of the arbitrators shall be final and binding upon the parties hereto."
Disputes arose. Ms. Kempf refused to authorize further draws. Mr. Puryear stopped work on the job 30 days before completion. The disputes were submitted to arbitration. During the hearing, arbitrators met with both parties outside the presence of counsel. The arbitrators also considered unsworn evidence. The arbitrators found for Ms. Kempf.
The award was first confirmed by the trial court. However, on Mr. Puryear's motion for reconsideration, the court vacated the award. It concluded that the "respondent has met the burden of proof imposed upon him to warrant vacation of the award under the provisions of RCW 7.04.160(3)." That statute authorizes a court to set aside an arbitration award for, among other things: "misconduct, in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence, pertinent and material to the controversy; or of any other misbehavior, by which the rights of any party have been prejudiced." RCW 7.04.160(3). The court's conclusion is based on the following findings of fact:
7. That the witnesses were not sworn and testimony was not taken under oath.

*377 8. That the arbitrator met with each side separately and the parties were not able to confront the witnesses.
9. That this matter was [not] handled like an arbitration and was not a true arbitration.
Ms. Kempf appeals.

DISCUSSION
Our review of an arbitration award is limited. It does not include review of the merits. ACF Property Mgmt., Inc. v. Chaussee, 69 Wash.App. 913, 919, 850 P.2d 1387, review denied, 122 Wash.2d 1019, 863 P.2d 1353 (1993).
Ms. Kempf contends that the arbitrators' conduct does not amount to misconduct as proscribed by RCW 7.04.160(3). And, even if it did, Mr. Puryear did not object. Mr. Puryear argues that the court properly vacated the arbitration award because the arbitrators refused to hear certain evidence, refused cross-examination, did not swear witnesses, and had ex parte contact with both parties. However, as Ms. Kempf notes, Mr. Puryear did not object to any of the conduct he now complains of. And he also met with the arbitrators outside of the presence of Ms. Kempf or her attorneys.
In Puget Sound Bridge & Dredging Co. v. Lake Washington Shipyards, 1 Wash.2d 401, 96 P.2d 257 (1939), arbitrators independently investigated, held ex parte conferences, and took evidence without notifying the parties. The court held that the complaining party's participation in the arbitration with knowledge of these procedures, and without objection, precluded any right to later complain about them. Id. at 410-11, 96 P.2d 257.
Mr. Puryear relies on Tombs v. Northwest Airlines, Inc., 83 Wash.2d 157, 162, 516 P.2d 1028 (1973) for the proposition that the court must set aside an arbitrator's decision if a party is denied the opportunity to participate in the arbitration. His reliance is misplaced. In Tombs, the complaining party was denied any opportunity to participate in the arbitration. That did not happen here; Mr. Puryear participated in this arbitration.
Mr. Puryear also argues that the arbitration was only a prerequisite to litigation. He is mistaken. "The very purpose of arbitration is to avoid the courts. It is designed to settle controversies, not to serve as a prelude to litigation." Westmark Properties, Inc. v. McGuire, 53 Wash.App. 400, 402, 766 P.2d 1146 (1989).
Attorney Fees. Ms. Kempf requests attorney fees. Her contract with Mr. Puryear provides for attorney fees. She is the prevailing party on appeal. RAP 18.1. The request is granted.
The trial court's order vacating the arbitration award is reversed and the trial court is directed to enter an order confirming the arbitration award.
THOMPSON and KURTZ, JJ., concur.