[No. 20281-0-III. Division Three. April 25, 2002.]

THE KENNETH W. BROOKS TRUST A., *Appellant*, v. PACIFIC
MEDIA, L.L.C., ET AL., *Respondents*.

394

*John F. Bury* (of *Murphy, Bantz & Bury, P.S.*), for appellant.

*Martin G. Weber* (of *Lukins & Annis, P.S.*), for respondents.

BROWN, C.J. — Lessor Kenneth W. Brooks Trust A. (the Trust) filed a breach of lease complaint against Pacific

Media, lessee of The Magic Lantern Theater. The parties agreed to enter binding arbitration pursuant to chapter 7.04 RCW. The arbitrator made an award to the Trust. The Trust moved the superior court to confirm the award. Pacific Media tendered and the Trust accepted payment of the award in full before the confirmation hearing. At the confirmation hearing, the trial court declined to enter the proposed confirmation order and, instead, dismissed the complaint. The Trust appeals, arguing (1) an inadequate award, and (2) trial court error in dismissing its complaint without first confirming the award. Because the arbitration award is not properly before us, and the Trust accepted tender of the award prior to the confirmation hearing, we decide in the interests of judicial economy and in furtherance of the principles underlying arbitration as a means of dispute resolution, that the trial court properly treated the matter as settled. Accordingly, we affirm.

## FACTS

In September 1998, the Trust leased The Magic Lantern Theater to Pacific Media for a term of five years. In October 1999, the Trust filed a complaint for breach of lease against Pacific Media. In February 2001, pursuant to an agreement between the parties, the superior court entered an agreed order for binding arbitration. Arbitration was to be conducted in accordance with chapter 7.04 RCW.

On April 17, 2001, the arbitrator sent the parties a letter awarding the Trust 24 months of overdue rent ($36,000), five percent in late charges, and attorney fees. The arbitrator also ordered Pacific Media to remove its equipment from the premises within 30 days. The arbitrator later set the attorney fee award at $6,000.

On June 5, the Trust moved to confirm the arbitration award. On June 13, Pacific Media paid the arbitration award in full ($43,963.57). The proposed order of confirmation reflected both the face amount of the award and Pacific Media's satisfaction of it. By notation order, the trial court

rejected the proposed order of confirmation and granted Pacific Media's motion to dismiss with prejudice.

The Trust appeals, arguing (1) the arbitrator erred in the amount of damages awarded, and (2) the superior court erred in dismissing the breach of lease claim.

## ANALYSIS

### A. Damages

The first issue suggested by the Trust is whether the arbitrator erred "as a matter of law because the award was not based on the proper measure of damages." Appellant's Br. at 1. Next, the Trust suggests the arbitrator "did not follow the contract provisions on default and remedies and was therefore arbitrary and capricious and erred in obvious fact." Appellant's Br. at 1. Nevertheless, the broader issue is whether the trial court erred by dismissing the Trust's breach of lease claim with prejudice. RCW 7.04.220. Should the Trust prevail, the sole remedy would be remand for entry of an order confirming the award. Thus, award validity is not yet before this court.

■ Moreover, the record shows no attempt by the Trust to vacate, modify, or correct the arbitrator's award below. RCW 7.04.160, .170. To the contrary, the Trust moved to confirm the very award it now attacks. RCW 7.04.150. Therefore, the Trust's arguments conflict: (1) the arbitration award was invalid, but (2) the award should have been confirmed anyway. The Trust did not challenge the arbitrator's damage award below. Accordingly, the matter is unreviewable. RAP 2.5(a). Nevertheless, the Trust appears to argue, contrary to well-settled principles of arbitration law, that we have inherent authority to review the substantive merits of the arbitrator's award.

■ "Washington courts have given substantial finality to arbitrator decisions rendered in accordance with . . . RCW 7.04." *Davidson v. Hensen*, 135 Wn.2d 112, 118, 954 P.2d 1327 (1998). Consistent with this state's

strong policy favoring finality of arbitration awards, judicial review of such awards "is limited to the face of the award." *Id.* (citing *Boyd v. Davis*, 127 Wn.2d 256, 263, 897 P.2d 1239 (1995)). Absent an error of law on the face of the arbitrator's award, the reviewing court will not vacate or modify the award. *Id.* And the appellate court's review of an arbitrator's award is confined to the same scope as the trial court's review. *Expert Drywall, Inc. v. Ellis-Don Constr., Inc.*, 86 Wn. App. 884, 888, 939 P.2d 1258 (1997).

▮ Accordingly, we will not review the substantive merits of the arbitration award. *Davidson*, 135 Wn.2d at 119. And, ordinarily, reviewing courts will not reconsider the evidence before the arbitrator. *Id.* At most, this court can vacate, modify, or correct the award in accordance with a narrow set of circumstances set forth in RCW 7.04.160 and .170. *Anderson v. Farmers Ins. Co. of Wash.*, 83 Wn. App. 725, 733, 923 P.2d 713 (1996). The Trust contends these limited statutory circumstances do not apply here. Instead, it asks this court to do what it cannot do, look beyond the face of the award to determine if it is entitled to more damages. *Id.*

Even if this court reviewed the award under the confines of chapter 7.04 RCW, the Trust would not prevail. There was no apparent procedural flaw in the record, such as corruption, impartiality, misconduct, or abuse of power, allowing this court to vacate the award under RCW 7.04.160. Nor does the record reflect the type of clerical error allowing this court to modify or correct the award under RCW 7.04.170. To change the award in the manner the Trust desires would require this court to impermissibly conduct a de novo review of the basis for the award. *See Davidson*, 135 Wn.2d at 121. In any event, as noted above, this court ordinarily will not review the validity of the arbitration award as it was raised for the first time on appeal. RAP 2.5(a). In sum, we decline to review the arbitrator's specific damage award.

## B. Dismissal Without Confirmation

The issue is whether, under the facts indicating tender of payment prior to confirmation hearing, the trial court erred in dismissing the complaint with prejudice instead of confirming the arbitration award.

■■ Because this issue requires some interpretation of chapter 7.04 RCW, review is de novo. *State v. Azpitarte*, 140 Wn.2d 138, 140-41, 995 P.2d 31 (2000). Absent ambiguity, this court will not construe the statute but will rely on its plain language alone in deriving its meaning. *Id.* at 141. Within one year after an award in arbitration, "any party to the arbitration may apply to the court for an order confirming the award, and the court shall grant such an order unless the award is beyond the jurisdiction of the court, or is vacated, modified, or corrected, as provided in RCW 7.04.160 and 7.04.170." RCW 7.04.150. The party seeking to vacate, modify, or correct the award must file a motion "within three months after a copy of the award is delivered to the party or his attorney." RCW 7.04.180.

The grounds for vacating an award are very limited, and have no relevance here. RCW 7.04.160. The trial court may modify or correct an award where (1) "there was an evident miscalculation of figures, or an evident mistake in the description of any person, thing or property, referred to in the award," (2) "the arbitrators have awarded upon a matter not submitted to them," and (3) "the award is imperfect in a matter of form, not affecting the merits of the controversy." RCW 7.04.170. The Trust argues that neither RCW 7.04.160 nor .170 applies.

"Upon the granting of an order, confirming, modifying, correcting or vacating an award, judgment or decree shall be entered in conformity therewith." RCW 7.04.190. The use of the word "shall" indicates a mandatory duty. *Wash. State Coalition for the Homeless v. Dep't of Soc. & Health Servs.*, 133 Wn.2d 894, 907-08, 949 P.2d 1291 (1997). Thus, according to the plain language of the statute, the trial court must confirm an arbitration award unless it lacks

jurisdiction, or vacates, modifies, or corrects the award. RCW 7.04.150. If the trial court confirms the award, it must then enter a consistent judgment or decree. RCW 7.04.190.

At oral argument, Pacific Media conceded that the trial court should have confirmed the award under the plain language of RCW 7.04.190. Nevertheless, Pacific Media contends its preemptive payment of the award and the Trust's acceptance thereof rendered the underlying dispute moot.

 Pacific Media paid the entire award after the Trust moved to confirm the award but before the trial court ruled on the motion. The proposed confirmation order reflected (1) the arbitration award was for $43,963.57, and (2) Pacific Media had satisfied it. Nevertheless, the proposed order inconsistently requested judgment for $43,963.57. Instead of confirming the award and entering the requested judgment, the trial court dismissed the case with prejudice. In terms of judicial economy and practical effect, the trial court efficiently precluded the time and expense of judgment preparation, presentation, and satisfaction.

Even so, the language of chapter 7.04 RCW does not specifically provide for rejection of a confirmation motion and dismissal of the underlying claim. The record does not reflect the trial court's reasoning for its order. Yet, the judicial economy and practical efficiencies are apparent. The Trust had not moved to vacate, modify, or correct the award. The Trust moved to confirm the award to reduce the award to a judgment no longer due. Pacific Media's prompt payment peremptorily satisfied any need for judgment and effectively brought the underlying controversy to a close. Given the facts, including binding arbitration, award, tender, and acceptance without apparent further dispute, the matter was for all intents and purposes effectively settled. *See Or. Mut. Ins. Co. v. Barton,* 109 Wn. App. 405, 413-14, 36 P.3d 1065 (2001) (discussing accord and satisfaction).

Moreover, confirmation and judgment were pointless and raised the specter of wasting scarce judicial resources. In

this light, the trial court did not err in dismissing the breach of lease complaint because satisfaction of the arbitration award had rendered the controversy moot. *See Orwick v. City of Seattle*, 103 Wn.2d 249, 252-53, 692 P.2d 793 (1984) (reasoning trial court properly dismissed claim because it was moot).

Even so, the Trust contends granting the motion to confirm would allow it to challenge the arbitration award on appeal. In other words, once the trial court confirmed the arbitration award, the Trust could then assign error to that ruling. However, this argument must necessarily fail because the doctrine of invited error precludes a party from appealing an error it was responsible for setting up below. *See Pulich v. Dame*, 99 Wn. App. 558, 565-66, 991 P.2d 712 (2000) (applying doctrine of invited error in mandatory arbitration context).

In sum, we conclude dismissal was consistent with the policy goals of arbitration, which are to avoid "the formalities, the delay, the expense and vexation of ordinary litigation." *Barnett v. Hicks*, 119 Wn.2d 151, 160, 829 P.2d 1087 (1992) (citing *Thorgaard Plumbing & Heating Co. v. County of King*, 71 Wn.2d 126, 132, 426 P.2d 828 (1967)). Here, Pacific Media's expeditious satisfaction of the arbitration award allowed the trial court to shorten the process further by dismissing a suit that no longer served a practical purpose. Therefore, notwithstanding the plain language of RCW 7.04.150 and .190, we reason a trial court may deny a motion to confirm an arbitration award and dismiss the underlying claim with prejudice when satisfaction of the award has rendered the controversy moot. In light of the foregoing, we hold the trial court did not err in dismissing the breach of lease claim with prejudice.

## C. Attorney Fees

 Both parties seek attorney fees pursuant to the lease and RAP 18.1. Here, the lease contract expressly provides for an award of attorney fees to the prevailing

party in an action arising from the lease. A contractual attorney fee provision authorizes an award of fees to the prevailing party on appeal. RAP 18.1; *Kempf v. Puryear*, 87 Wn. App. 390, 394, 942 P.2d 375 (1997). Accordingly, Pacific Media is entitled to attorney fees incurred in connection with this appeal provided it complies with RAP 18.1(d).

Finally, we note with disapproval the Trust quoted an unpublished Division One opinion on the first page of its reply brief. *Benton v. Dalton*, 99 Wn. App. 1067, *review denied*, 141 Wn.2d 1029 (2000). Citation to unpublished opinions of this state's Court of Appeals is a direct violation of RAP 10.4(h). Division One imposed a $500 sanction on counsel for relying extensively on an unpublished opinion of that court. *Dwyer v. J.I. Kislak Mortgage Corp.*, 103 Wn. App. 542, 548-49, 13 P.3d 240 (2000), *review denied*, 143 Wn.2d 1024 (2001). Given that the Trust's violation of RAP 10.4(h) is de minimus in comparison to *Dwyer*, we impose a $100 sanction.

Affirmed.

Sweeney and Kato, JJ., concur.