2003 WY 31

**STEWART TITLE GUARANTY COMPANY, a Texas Corporation, Appellant (Defendant),**

v.

**Samuel J. TILDEN, Appellee (Plaintiff).**

**No. 02–37.**

Supreme Court of Wyoming.

March 5, 2003.

Andrea L. Richard and John A. Coppede of Rothgerber Johnson & Lyons LLP, Cheyenne, Wyoming, Representing Appellant.

Stephen L. Simonton of Simonton & Simonton, Cody, Wyoming, Representing Appellee.

Before HILL, C.J., and GOLDEN, LEHMAN *, KITE, and VOIGT, JJ.

GOLDEN, Justice.

[¶ 1]   The primary issue in this appeal is whether the satisfaction of an arbitration award of costs precludes a district court from

* Chief Justice at time of expedited conference.

confirming the award as a judgment under Wyoming's Arbitration Act. We conclude that when an arbitration award for costs has been satisfied and no controversy remains, the doctrine of mootness prohibits the district court from entering judgment.  We reverse the order confirming the award and remand for dismissal.

## ISSUES

[¶ 2]   Appellant Stewart Title Guaranty Company (Stewart) presents this statement of the issues:

I.   A party must demonstrate injury in fact in order to have standing to bring an action in the court system.  *Roe v. Board of County Comm'rs,* 997 P.2d 1021, 1021 (Wyo.2000).   Stewart Title previously satisfied all obligations to Tilden which were entered in an underlying arbitration proceeding.   Did the District Court properly enter judgment on a prior arbitration award, when no unsatisfied duties or obligations existed as between the parties?

II.   The Wyoming Arbitration Act is designed to allow litigants to reduce an arbitration award to judgment so that they can obtain the relief ordered by the arbitrator. The Arbitration Act does not provide authority for the Judgment entered by the District Court because the Arbitration Award had been previously satisfied. Does the Wyoming Arbitration Act require that a district court enter a judgment on an arbitration award that has been previously satisfied?

Appellee Samuel J. Tilden (Tilden) states that the issues are:

1.   Did the District Court correctly construe the language of W.S. § 1–36–102 and 1–36–113 of the Wyoming Uniform Arbitration Act?

2.   Having neglected to seek review of the arbitration findings within the time permitted by the Uniform Arbitration Act, was the Company bound by its own Title Policy's express consent to entry of judgment on the arbitration award?

3. Was there reasonable basis for the arguments Stewart Title presented in the Brief of Appellant?

4. Should Tilden be awarded fees on appeal?

## FACTS

[¶ 3] In May of 1998, Tilden informed Stewart of a title defect. Two years later, an arbitration award determined that insurance coverage existed, and Stewart cured the title defect. A few months later, on December 5, 2000, a final arbitration award determined that Stewart failed to cure the title defect in a reasonably diligent manner, but that Tilden had suffered no actual damages. Both parties had deposited an amount for arbitration fees and costs, and the final arbitration award ordered Stewart to pay Tilden's share of those fees and costs in an amount of $5,299.20. One week later, on December 12, 2000, Stewart paid that amount to Tilden.

[¶ 4] Many months later, Tilden filed an application for confirmation of the arbitration award pursuant to Wyo. Stat. Ann. § 1–36–113. Stewart objected on grounds that its earlier satisfaction of the award rendered the controversy moot and the district court was without jurisdiction to enter the award confirmation. The district court found that Stewart's objections included a claim that the arbitration proceedings were defective, decided this claim was tantamount to a request for the court to review, and concluded that the claim proved that mootness was not at issue. It held that the statutory time frame for such a review had expired and summarily confirmed the arbitration award. Stewart appealed.

## DISCUSSION

[¶ 5] Wyoming's Uniform Arbitration Act (Act), Wyo. Stat. Ann. § 1–36–101 through 1–36–119, provides for confirmation of an arbitration award by a district court having jurisdiction under Wyo. Stat. Ann. § 1–36–113 (Lexis 1999) which states, in pertinent part:

> Upon application of a party the court shall confirm the award unless within the time limits allowed grounds are urged for vacating or modifying the award[.]

Stewart contends that Tilden did not have standing to request confirmation of a satisfied award and the district court did not have jurisdiction to confirm a satisfied award. These contentions present a question of law, requiring statutory interpretation of the Act.

[¶ 6] A question of law is reviewed de novo by this Court as an exercise of its plenary authority, and no deference is given to the district court's determination that it could confirm a satisfied arbitration award. *Pecha v. Smith, Keller & Associates,* 942 P.2d 387, 390 (Wyo.1997). Absent ambiguity, we do not construe the statute but will rely on its plain language alone to ascertain its meaning. *LePage v. State Dep't of Health,* 2001 WY 26, ¶ 10, 18 P.3d 1177, ¶ 10 (Wyo.2001). The statute directs the court to confirm an award unless it is petitioned to vacate or modify the award. We have previously decided that judicial review of arbitration awards is limited and an award can only be vacated, modified or corrected as provided by statute. *Dorr, Keller, Bentley & Pecha v. Dorr, Bentley & Pecha,* 841 P.2d 811, 817–18 (Wyo.1992). The statutory grounds for vacating or modifying an award are not relevant here because Stewart's only contention on appeal is that the district court was without power to confirm the award.

[¶ 7] The authorities generally agree that the purpose of confirming an award is to provide a judgment that can be enforced through court proceedings. *Kutch v. State Farm Mut. Auto. Ins. Co.,* 960 P.2d 93, 98–99 (Colo.1998). Usually, the arbitration agreement under which the parties operate provides for resolution by an award, and a breach permits judicial involvement to confirm the award and permit enforcement. *Id.* Wyoming statute provides the mechanism for a confirmation, and the statute uses the language, "shall," which is usually accepted by this Court as mandatory. *LePage,* ¶ 11. The statute mandates that a district court confirm the award upon petition and does not state that the district court may reject a confirmation motion and dismiss it. *See Kenneth W. Brooks Trust v. Pacific Media LLC,* 111 Wash.App. 393, 44 P.3d 938, 941

(2002). Accordingly, it cannot be found that Tilden did not have standing or that the district court did not have jurisdiction to enter a confirmation. The purpose of the statute, however, is to provide a means for enforcement of an unsatisfied award by means of court-ordered judgment. If the trial court confirms the award, it must then enter a consistent judgment for enforcement. *Id.* The purpose of the Uniform Arbitration Act itself is to limit the role of the judiciary, and its procedure is "designed to achieve enforcement without undue delay or undue expense." *Kutch,* 960 P.2d at 99. We have said that:

> [A]rbitration provides for voluntary settlement of disputes in an inexpensive and expeditious manner without resort to a tribunal and conducted without the rigid formality of strict rules of law. *Riverton Valley Electric Association v. Pacific Power and Light Company,* Wyo., 391 P.2d 489 (1964). Arbitration is embedded in the public policy of Wyoming and is favored by this court. *Matter of Town of Greybull,* Wyo., 560 P.2d 1172 (1977).

*Simon v. Teton Bd. of Realtors,* 4 P.3d 197, 201 (Wyo.2000).

[¶ 8] Given these purposes and our policy, the satisfaction of the award requires that we examine whether the doctrine of mootness applies. We recently summarized that:

> Our general law on justiciability provides that courts should not consider issues which have become moot. We do not decide cases when a decision will have no effect or pertains only to matters that might arise in the future. A case is moot when the determination of an issue is sought which, if provided, will have no practical effect on the existing controversy. Therefore, if events occur during the pendency of an appeal that cause a case to become moot or make determination of the issues unnecessary, we will dismiss it.... [We have] further elaborated that a case is moot when the matter upon which a determination is sought presents no actual controversy or when a decision can have no

practical effect. We have also recognized the general rule that the issue of mootness constitutes a question of law and may be properly addressed by a court *sua sponte.* *Wyoming Bd. of Outfitters and Professional Guides v. Clark,* 2002 WY 24, ¶ 9, 39 P.3d 1106, ¶ 9 (Wyo.2002) (citations omitted).

[¶ 9] Stewart's satisfaction of the award effectively rendered the issue moot, and the district court should have dismissed the confirmation motion unless it determined that live issues remained to be litigated. *See Goodman v. Seaver,* 12 Mass.L.Rept. 145, 2000 WL 1257462 *7. In *Goodman,* the Superior Court held that a satisfied arbitration award was not moot because under Massachusetts law a judgment was necessary to receive an award of multiple damages. Because the good faith settlement was a live issue, the award would have practical legal significance if it was confirmed and made a judgment.

[¶ 10] Here, Tilden asserts that Stewart opposed confirmation of the award because it carried res judicata and collateral estoppel implications for a bad faith claim. Specifically, Tilden claims that the award implicates Wyo. Stat. Ann. § 26–15–124(c) which permits attorney fees and interest against an insurance company found to have acted unreasonably and under tort law establishing the element of a bad faith claim. Tilden, however, also states that the arbitrator determined his scope of authority under the arbitration provision of the policy was not broad enough for him to hear and decide the statutory and tort claims. These facts significantly depart from the rationale of *Goodman,* and we cannot see that a judgment on the award is necessary to receive a further additional judgment permitted by law.[1]

[¶ 11] This award had been satisfied, and, under the doctrine of mootness, the order of confirmation is reversed and remanded for dismissal.

---

1. Tilden has not offered any authority that the judicial concepts of res judicata and collateral estoppel would apply to an arbitration award, and we make these observations without deciding that they apply to an arbitration award.