# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| MARVIN OLSEN and YONG IM OLSEN, husband and wife, | No. 48654-7-II |
| Appellants, | |
| v. | UNPUBLISHED OPINION |
| H. GARY WALLIS and MONIQUE A. WALLIS, individually and the marital community comprised thereof, | |
| Respondents. | |

MAXA, A.C.J. – Marvin Olsen and Yong Im Olsen (collectively Olsen) appeal the

superior court's confirmation of an arbitration award and entry of judgment following a

stipulated arbitration of a property dispute between Olsen and Gary Wallis and Monique Wallis

(collectively Wallis). Olsen contests the partitioning of the parties' jointly owned property and

the division of rental revenue from the property. Olsen argues that the superior court erred in

confirming the arbitration award because the arbitrator's ruling was erroneous, reflected the

arbitrator's partiality, and was arbitrary and capricious in violation of substantive due process.

We hold that (1) the superior court did not err in following the statutory mandate to enter

an order confirming the arbitration award and entering final judgment on that award, (2) there

was no basis for vacating the arbitration award because there was no legal error that appeared on the face of the award and there was no evidence that the arbitrator was partial, and (3) Olsen has not shown an arbitrary and capricious action that deprived him of a constitutional right. Accordingly, we affirm the superior court's order confirming the arbitration award and the judgment on that award.

## FACTS

Olsen and Wallis formed a law partnership sometime before 1978. In 1978, Olsen contracted with Wallis to sell him a one-half interest in both an office building that functioned as their law office and a separate residential rental property. Wallis fulfilled his obligation under the contract in 1992.

Sometime before 1992, Olsen obtained a private loan for $100,000 in exchange for a mortgage on the office building. The parties jointly made mortgage payments until 1999.

In 1999, Olsen began having issues with the bar association that culminated in his disbarment in 2000. At that point, Olsen vacated the office building, stopped making payments on the loan, and stopped paying expenses associated with the properties. Wallis continued making the loan payments and paid off the loan in 2003. Wallis also paid all expenses on the properties.

Olsen filed this lawsuit in December 2012, requesting the reasonable rental value of his share of the office building, half of the rent received from the rental property, judgment for half of the properties' value by way of partition, prejudgment interest on amounts due, and reasonable attorney fees. In a counterclaim, Wallis asserted that Olsen had abandoned the properties and that Wallis had adversely possessed the properties.

In October 2014, Olsen and Wallis stipulated that "[a]ll aspects of this matter shall be submitted to binding arbitration, subject to appeal only for fraud or violation of constitutionally protected issues of denial of due process." Clerk's Papers at 13. The arbitration took place on August 25, 2015.

The arbitrator issued an arbitration award dated September 8, making the following rulings:

1. The arbitrator awarded Wallis title to the office building effective the date of the arbitration decision.

2. Olsen and Wallis remained tenants in common of the office building until Olsen was ousted in December 2012, and therefore Olsen was not entitled to reasonable rental value until that time. The arbitrator awarded Olsen $500 per month in rent from December 2012 through September 2015.

3. Olsen and Wallis remained tenants in common of the rental property until Olsen was ousted in December 2012, and therefore Olsen was not entitled to receive a share of rental payments until that time. The arbitrator awarded Olsen $425 per month in rent from December 2012 through September 2015, less expenses incurred during that time.

4. The arbitrator ruled that Olsen and Wallis would continue to be tenants in common of the rental property, sharing equally in rents and expenses, and would share equally in any proceeds if the property was sold.

5. The arbitrator did not award attorney fees to either party.

Olsen filed a motion for modification/clarification of the arbitration award with the arbitrator, making various arguments. In response, the arbitrator issued an order clarifying certain issues.

Wallis filed a motion in superior court to confirm the arbitration award and to enter judgment. Olsen objected to confirming the arbitration award. But Olsen did not file a motion to modify or vacate the award.

The superior court entered an order confirming the arbitration award. The court also entered a final judgment quieting title to the office building property in favor of Wallis, awarding Olsen judgment against Wallis for $29,107.70, and addressing other matters. Olsen appeals the order confirming the arbitration award and the judgment.

ANALYSIS

A. WASHINGTON ARBITRATION ACT

Washington's arbitration act, chapter 7.04A RCW, governs the arbitration process and enforcement of arbitration awards.

Once an arbitration is complete, RCW 7.04A.190 requires an arbitrator to make a record of an award and give notice of that award to each party to the arbitration proceeding. Following an award, RCW 7.04A.220 allows either party to modify, correct, vacate, or confirm the award. Either party may file a motion under RCW 7.04A.200 for the arbitrator to modify or correct the award. Either party also may file a motion with the superior court within 90 days to vacate the award under RCW 7.04A.230 or to modify or correct the award under RCW 7.04A.240. Those statues provide specific grounds for modifying, correcting, or vacating arbitration awards.

Under RCW 7.04A.220, a party may file a motion with the superior court for an order confirming the award. RCW 7.04A.220 provides that the court shall issue a confirming order unless the award is modified or corrected under RCW 7.04A.200 or .240, or vacated under RCW 7.04A.230. Further, once the superior court enters an order confirming the arbitration award, RCW 7.04A.250(1) provides that the court shall enter a judgment on the award.

RCW 7.04A.280(1) states that parties may appeal orders confirming, modifying, correcting, or vacating an arbitration award and a final judgment on the award. The appellate court's review is limited to the same standards applicable in the court that confirmed, vacated, modified, or corrected the award. *Salewski v. Pilchuck Veterinary Hosp., Inc.*, 189 Wn. App. 898, 903, 359 P.3d 884 (2015), *review denied*, 185 Wn.2d 1006 (2016).

B.    APPEAL OF CONFIRMATION ORDER AND JUDGMENT

Olsen assigns error to the superior court's order confirming the arbitration award and its entry of a final judgment. Because Olsen did not file a motion to modify, correct, or vacate the arbitration award in the superior court, we hold that the superior court did not err in confirming the award or entering judgment.

RCW 7.04A.220 states that the superior court "*shall* issue" an order confirming an arbitration award unless the court modifies, corrects, or vacates the award. (Emphasis added.) The term "shall" indicates a mandatory duty. *Kenneth W. Brooks Trust A. v. Pac. Media, LLC*, 111 Wn. App. 393, 398, 44 P.3d 938 (2002). Under this plain statutory language, the superior court *must* confirm the arbitration award unless it modifies, corrects, or vacates the award. *Id.* at 398-99. In addition, RCW 7.04A.230(4) provides that the superior court "*shall* confirm the

award" if a motion to vacate the arbitration award is denied and no motion to modify or correct the award is pending. (Emphasis added.)

Similarly, RCW 7.04A.250(1) states that the superior court "*shall* enter a judgment in conformity" with the order confirming the arbitration award. (Emphasis added.) This means that if the superior court confirms the arbitration award, it *must* enter a judgment consistent with that award. *Kenneth W. Brooks Trust A.*, 111 Wn. App. at 399. "If the court does not modify, vacate, or correct the award, the court exercises a mere ministerial duty to reduce the award to judgment." *Price v. Farmers Ins. Co. of Wash.*, 133 Wn.2d 490, 497, 946 P.2d 388 (1997).

The language of RCW 7.04A.220 and RCW 7.04A.250(1) makes it clear that the superior court generally has no discretion regarding confirmation of an arbitration award and entry of judgment if a party does not file a motion to modify, correct, or vacate the award.[1] Here, Olsen objected to Wallis's motion to confirm the arbitration award, but he did not file a motion to modify, correct, or vacate the award.

Our review of an order confirming an arbitration award is limited to the same standards applicable to the confirming court. *Salewski*, 189 Wn. App. at 903. Therefore, we hold that the superior court did not err in following the statutory mandate and entering an order confirming the arbitration award and entering final judgment on that award.

---

[1] The only other basis for declining to confirm an arbitration award identified in the case law is if the superior court lacks jurisdiction. *Kenneth W. Brooks Trust A.*, 111 Wn. App. at 398-99. For example, a superior court has no jurisdiction to confirm a void arbitration award. *Davidson v. Hensen*, 85 Wn. App. 187, 192 n.3, 933 P.2d 1050 (1997), *aff'd*, 135 Wn.2d 112, 954 P.2d 1327 (1998). But, Olsen does not argue that the superior court had no jurisdiction to confirm the arbitration award.

C.      VACATION OF ARBITRATION AWARD

Olsen apparently argues that the superior court should have vacated the arbitration award even though he did not move for vacation. We hold that there is no statutory basis for vacation.

1.      Statutory Grounds for Vacation

RCW 7.04A.230(1) states that the superior court shall vacate the arbitration award if one of six grounds are present: (a) the award was procured through corruption, fraud, or other undue means; (b) the arbitrator showed evident partiality or engaged in corruption or misconduct; (c) the arbitrator refused to postpone the hearing if there was sufficient cause, refused to consider material evidence, or otherwise conducted the hearing in violation of procedures set forth in RCW 7.04A.150; (d) the arbitrator exceeded his or her powers; (e) there was no agreement to arbitrate; or (f) the arbitration was conducted without proper notice.

Our review is limited to determining whether one of the statutory grounds for vacation exists. *Salewski*, 189 Wn. App. at 903-04. And the party seeking to vacate the award has the burden of showing that a statutory ground applies. *Id.* at 904.

2.      Merits of Arbitration Award

Olsen argues that the superior court should not have confirmed the arbitration award because the arbitrator committed several substantive errors: (1) partitioning the office building property by transferring sole ownership to Wallis, (2) leaving the parties as co-owners of the rental property, (3) denying him a share of rent from the rental property from 2000 to 2012, (4) denying him prejudgment interest on past-due rent, and (5) not awarding him attorney fees.

Public policy in Washington strongly favors the finality of arbitration awards. *S&S Constr., Inc. v. ADC Props., LLC*, 151 Wn. App. 247, 254, 211 P.3d 415 (2009). Superior courts

7

considering a motion to modify, correct, or vacate an award and appellate courts on appeal generally do not address the merits of arbitration awards. *Davidson v. Hensen*, 135 Wn.2d 112, 119, 954 P.2d 1327 (1998). When reviewing an arbitration award, superior courts and appellate courts do not conduct a trial de novo, do not consider the merits of the case, and do not reexamine the evidence. *Broom v. Morgan Stanley DW, Inc.*, 169 Wn.2d 231, 239, 236 P.3d 182 (2010).

One statutory ground that potentially allows an inquiry into the merits of an arbitration award is stated in RCW 7.04A.230(1)(d), which allows an award to be vacated where an arbitrator has "exceeded the arbitrator's powers." Under this provision, an arbitration award can be vacated if a legal error appears on the face of the award. *Broom*, 169 Wn.2d at 240.[2]

This facial legal error standard is a "very narrow" means of vacating an award. *Salewski*, 189 Wn. App. at 904. The court in *Salewski* explained the scope of the facial legal error standard:

> [The facial legal error standard] does not extend to a potential legal error that depends on the consideration of the specific evidence offered or to an indirect sufficiency of the evidence challenge. Courts are not permitted to conduct a trial de novo when reviewing the award, they do not look to the merits of the case, and they do not reexamine evidence. The error should be recognizable from the language of the award, as, for instance, where the arbitrator identifies a portion of the award as punitive damages in a jurisdiction that does not allow punitive damages. Where a final award sets forth the arbitrator's reasoning along with the actual dollar amounts awarded, any issue of law evident in the reasoning may also be considered as part of the face of the award.

*Id.* (quotation marks and citations omitted); *see also Broom*, 169 Wn.2d at 237-40.

---

[2] *Broom* involved a previous version this statutory ground, former RCW 7.04.160(4).

Here, Olsen essentially is asking us to address the merits of the arbitration award. He argues at length that the award was incorrect, unfair, and arbitrary and capricious. But he does not show that the award contained legal errors *on its face*.

Further, the arbitrator's memorandum decision, award, and decision modifying the award did not include any legal reasoning regarding his award of the office building property to Wallis, leaving Olsen and Wallis as co-owners of the rental property, and denying Olsen an award of prejudgment interest and attorney fees. The arbitrator did cite cases to support his conclusion that a tenant in common is not entitled to rent from the other tenant in common unless ousted from the property, but Olsen does not challenge that legal determination.

The arbitration award here was based on the specific facts of this case. On the basis of those facts, the arbitrator devised what he considered to be an equitable solution to the parties' dispute. The arbitration statutes seek to avoid judicial intervention in a fact-based arbitration award. *See Westmark Props., Inc. v. McGuire*, 53 Wn. App. 400, 402, 766 P.2d 1146 (1989) (stating that the purpose of arbitration is to avoid the courts, "not to serve as a prelude to litigation").

We hold that Olsen has failed to meet his burden of showing that the arbitration award contained a legal error on its face. Accordingly, we hold that Olsen is not entitled to vacation of the award under RCW 7.04A.230(1)(d) based on the arbitrator exceeding his authority.

3.      Impartiality of Arbitrator

Olsen appears to argue that the arbitrator was not impartial. He states that that "the arbitrator was facially, grossly and fundamentally unfair," and that the arbitrator had "sympathy

9

for Mr. Wallis or some form of anger toward Mr. Olsen." Br. of Appellant at 14. To the extent that Olsen is making this argument, we reject it.

Under RCW 7.04A.230(1)(b)(i), an arbitration award may be vacated if there has been "[e]vident partiality by an arbitrator appointed as a neutral." Courts have interpreted the prohibition to require arbitrators to disclose relationships or circumstances that bear on the arbitrator's impartiality. *S&S Constr.*, 151 Wn. App. at 258. We must ask whether the arbitrator's relationship to the parties "creates a reasonable inference of the presence of bias or the absence of impartiality." *Id.* If so, the complaining party must show that the nondisclosure caused prejudice. *Id.*

Here, Olsen does not argue that the arbitrator had an improper relationship with Wallis. Instead, he essentially argues that we vacate the arbitration award because it is substantively unfair. But as noted above, we generally do not review an arbitration award for its substance. *Broom*, 169 Wn.2d at 239. We reject any claim that the nature of the award itself demonstrated that the arbitrator was partial. Because Olsen does not point to any other basis for claiming improper partiality, we hold that Olsen is not entitled to vacation of the award under RCW 7.04A.230(1)(b)(i).

D.    CONSTITUTIONAL DUE PROCESS VIOLATION

To the extent that Olsen argues that that arbitration award was arbitrary and capricious and therefore violated his due process rights under the Washington Constitution, we disagree.

The fact that an arbitration award is arbitrary and capricious is not one of the grounds for vacating the award under RCW 7.04A.230(1). This argument again seems to be an attempt to address the merits of the arbitration award, which as noted above generally is not allowed on

10

appeal. *Davidson*, 135 Wn.2d at 119. Because our review is limited to determining whether one of the statutory grounds for vacation exist, *Salewski*, 189 Wn. App. at 903-04, we reject Olsen's due process argument on this basis.

The parties' stipulation allowed for an appeal on the basis of a denial of due process. But even if this provision could vary the provisions of the arbitration act,[3] Olsen has not demonstrated how the arbitrator's award violated due process. Olsen's argument that the award is arbitrary and capricious is stated in conclusory terms. And the one case Olsen cites, *Sintra, Inc. v. City of Seattle*, concerned a 42 U.S.C. § 1983 claim for money damages against the City of Seattle and is not on point. 131 Wn.2d 640, 645, 935 P.2d 555 (1997). Accordingly, we reject Olsen's due process claim.

E.    ATTORNEY FEES ON APPEAL

Olsen includes in his issues statement a question about whether reasonable attorney fees should be awarded on appeal. Under RAP 18.1, a party may recover attorney fees if allowed under the applicable law. To do so, the party must devote a section of its opening brief to request attorney fees. RAP 18.1(b). RCW 7.04A.250 allows a prevailing party to request to receive attorney fees and other litigation expenses. However, neither party dedicated a section of their briefs or made any argument regarding attorney fees on appeal. We therefore decline to award attorney fees to either party.

---

[3] Generally, once parties stipulate to arbitration they are subject to the provisions of the arbitration act. RCW 7.04A.030. In addition, RCW 7.04A.040 prohibits parties to an arbitration from waiving or varying the confirmation requirement or its exceptions set out in RCW 7.04A.220. *See also Godfrey v. Hartford Cas. Ins. Co.*, 142 Wn.2d 885, 896, 16 P.3d 617 (2001) ("We have clearly indicated any efforts to alter the fundamental provisions of the [arbitration act] by agreement are inoperative.").

No. 48654-7-II

## CONCLUSION

We affirm the superior court's confirmation of the arbitration award and the judgment on that award.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record pursuant to RCW 2.06.040, it is so ordered.

_____
MAXA, A.C.J.

We concur:

_____
LEE, J.

_____
MELNICK, J.

12