# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| AURC III LLC, an Oregon Limited Liability Company, <br><br> Respondent, <br><br> v. <br><br> POINT RUSTON PHASE II, LLC, a Washington limited liability company; POINT RUSTON, LLC, a Washington limited liability company; CENTURY CONDOMINIUMS, LLC, a Washington limited liability company; THE SHOPS AT POINT RUSTON I, LLC, a Washington limited liability company; PR Retail, LLC, a Delaware limited liability company; PR BUILDING 11/9, LLC, a Washington limited liability company; POINT RUSTON THEATRE, LLC, a Washington limited liability company; PR MAIN STREET RETAIL, LLC, a Delaware limited liability company; and RAINIER PROPERTY SERVICES, LLC, a Washington limited liability company, <br><br> Appellants. | No. 56658-3-II <br><br><br><br> UNPUBLISHED OPINION |

Lee, J. — Point Ruston Phase II, LLC; Point Ruston, LLC; Century Condominiums, LLC;

The Shops at Point Ruston I, LLC; PR Retail, LLC; PR Building 11/9, LLC; Point Ruston Theatre,

LLC; PR Main Street Retail, LLC; and Rainier Property Services, LLC (collectively Point

Ruston)[1] appeal the superior court's judgment and order confirming an arbitration award in favor

of AURC III, LLC. Point Ruston argues that because Point Ruston had paid the amount of the

arbitration award, the superior court should have dismissed the case with prejudice and erred by

entering a judgment and order confirming the arbitrator's award.

We hold that the superior court did not err in entering a judgment and order confirming the

arbitration award. We also award attorney fees and costs on appeal to AURC against Point Ruston

Phase II, LLC.

FACTS

AURC filed a first amended complaint against Point Ruston at the superior court alleging,

among other claims, that Point Ruston took a loan from AURC and then breached the loan

agreement by not making timely interest payments. The superior court ordered the parties to

arbitration pursuant to the terms of the loan agreement. The loan agreement included special rules

for arbitration. One of these special rules required the arbitrator to provide "a concise written

statement setting forth the reasons for the judgment and for the award, if any." Clerk's Papers

(CP) at 137. The same special rule provided that "[t]he arbitration award, if any, may be submitted

to any court having jurisdiction to be confirmed and enforced." CP at 137.

The arbitrator made an interim award of $10,969,015.00 in current interest and default

interest owed on the loan in favor of AURC. The interim award included facts about the loan

---

[1] This opinion refers to the appellants collectively as Point Ruston, but the arbitrator did not make an award against Rainier Property Services, LLC, and the superior court did not enter judgment against Rainier Property Services, LLC.

transactions and the parties involved in the dispute. The interim award stated that the arbitrator would issue a final award after making a decision on attorney fees and costs.

In the final award, the arbitrator awarded AURC $10,969,015.00 in current interest and default interest and $530,974.57 in attorney fees and costs. The final award also ordered Point Ruston to pay $74,246.90 in arbitration fees and expenses. The final award incorporated the interim award by reference.

AURC moved for an order confirming the arbitration award in superior court. AURC also filed a motion for presentation of judgment. In its motion for an order confirming the arbitration award, AURC did not include the full text of the interim award or final award, but instead excerpted the totals from the final award.

Point Ruston filed a response brief, stating that the final award resolved all matters in dispute. Point Ruston did not oppose the confirmation of the final award or entry of judgment. Point Ruston only disputed the post-judgment interest rate.

AURC filed a reply brief, arguing, in relevant part, that the superior court should attach both the interim and final arbitration awards as exhibits to its judgment. AURC also argued that entry of judgment would not resolve all matters in the case because the interim award stated that the sole issue before the arbitrator was current interest and default interest, and the arbitration clause of the loan contract reserved certain rights that AURC may exercise outside of arbitration.

Point Ruston filed a sur-reply, arguing that the superior court should not attach the interim or final arbitration award to its judgment and order. Point Ruston also argued again that the arbitration award resolved all claims in the case.

On Friday, September 24, 2021, the superior court held a hearing on AURC's motion for presentation of judgment.[2] At the hearing, Point Ruston asked the superior court to not attach the interim or final arbitration award to the confirmation order. Point Ruston argued that it was not the superior court's role to approve the reasons for the arbitration award. Point Ruston asserted that attaching the interim or final award to the order would be prejudicial because Point Ruston disagreed with some of the findings in the interim award and the findings were unsupported.

At the conclusion of the hearing, the superior court stated that it intended to attach the interim and final arbitration awards to the order confirming the arbitration award. The superior court did not intend to attach the interim or final awards to the judgment. The superior court stated that it needed some time to prepare the order because it intended to add some language indicating that it is not the superior court's role to agree or disagree with the arbitrator's award.[3] The superior court also stated that it would enter the order and judgment the following Monday.

On the following Monday, Point Ruston filed a motion to dismiss the case for mootness. In its motion, Point Ruston stated that it had requested wiring instructions from AURC and intended to immediately pay the full arbitration award to AURC upon receipt of those wiring instructions. Point Ruston argued that because it had "tendered the full amount of the award," the superior court should dismiss the case as moot. CP at 343. Point Ruston also moved for an order shortening time for a hearing on its motion to dismiss.

---

[2] The superior court first heard argument on presentation on September 10 but set the case over two weeks and requested additional briefing.

[3] The superior court did not include any such language in its order confirming the arbitration award.

The superior court held a hearing on the motion to shorten time. At the hearing on the motion to shorten time, the parties made arguments relating to the underlying motion to dismiss. Point Ruston argued that the superior court should dismiss the case because the dispute had been settled and it had paid the funds. The superior court denied Point Ruston's motion to shorten time.

The parties submitted additional briefing on Point Ruston's motion to dismiss. In its briefing, AURC acknowledged that Point Ruston had paid the full amount of the arbitration award sometime after the superior court's oral ruling where the court stated its intent to attach the interim and final arbitration awards to the order confirming the arbitration award. The superior court denied Point Ruston's motion to dismiss.

The superior court entered an order confirming the arbitration award and attached the interim and final arbitration awards to the order. The court's order stated that the interim and final awards, attached as exhibits, were confirmed.

The superior court also entered judgment against Point Ruston. The judgment listed the amounts from the arbitration awards and stated that the judgment was "the final determination of the rights of the parties in this action." CP at 514. The superior court did not attach the interim or final awards to the judgment. AURC then filed a full satisfaction of judgment.

Point Ruston appeals.

ANALYSIS

A. MOTION TO DISMISS

Point Ruston argues that the superior court erred by entering judgment against Point Ruston instead of dismissing the case with prejudice because the case was moot upon Point Ruston paying the full amount of the arbitration award before judgment was entered. We disagree.

5

Point Ruston's argument involves issues of statutory interpretation and mootness, both of which are reviewed de novo. *Gronquist v. Dep't of Corr.*, 196 Wn.2d 564, 569, 475 P.3d 497 (2020); *Jametsky v. Olsen*, 179 Wn.2d 756, 761-62, 317 P.3d 1003 (2014).

When performing statutory interpretation, we give effect to a statute's plain meaning as an expression of legislative intent whenever possible. *Jametsky*, 179 Wn.2d at 762. In determining a statute's plain meaning, we consider the context of the entire act as well as any related statutes. *Id.* We do not consider outside sources if a statute is unambiguous. *Id.* A statute is unambiguous if it is only subject to one reasonable interpretation. *Id.* "Interpretation of an unambiguous statute must focus on the plain statutory language, not what seems most reasonable or 'makes sense' from a policy perspective." *Protect the Peninsula's Future v. Growth Mgmt. Hearings Bd.*, 185 Wn. App. 959, 972, 344 P.3d 705 (2015).

After arbitration, the party who receives an award "may file a motion with the court for an order confirming the award, at which time the court shall issue such an order unless the award is modified or corrected . . . or is vacated." RCW 7.04A.220. When the word "shall" is used in a statute, it "is presumptively imperative and creates a mandatory duty unless a contrary legislative intent is shown." *Goldmark v. McKenna*, 172 Wn.2d 568, 575, 259 P.3d 1095 (2011).

Here, following arbitration, AURC moved for an order confirming the arbitration award. None of the exceptions in the statute (modification, correction, or vacation) apply in this case. *See* RCW 7.04A.220. And there is no indication that the legislature intended for the "shall" in RCW 7.04A.220 to create anything other than a mandatory duty. Therefore, AURC's motion for an order confirming the award triggered the superior court's mandatory duty to issue an order confirming the arbitration award. *See* RCW 7.04A.220; *Goldmark*, 172 Wn.2d at 575.

Point Ruston argues that *Kenneth W. Brooks Trust v. Pac. Media LLC*, 111 Wn. App. 393, 44 P.3d 938 (2002), mandated dismissal of the case instead of entry of an order confirming the award because it had paid the amount of the arbitration award to AURC before the superior court entered its written order confirming the arbitration award and judgment. In *Brooks Trust*, an arbitrator made an award to a party, and the party moved to confirm the arbitration award. 111 Wn. App. at 395. A few days after the party moved to confirm the award but before the superior court had heard or ruled on the motion, the other party paid the full amount of the arbitration award. *Id.* at 395, 399. The superior court denied the motion to confirm the award and instead dismissed the case with prejudice. *Id.* at 395-96. The recipient of the award appealed, arguing that the superior court erred by dismissing the case instead of confirming the award. *Id.* at 398. Division Three of this court held that the superior court did not err, and "a trial court may deny a motion to confirm an arbitration award and dismiss the underlying claim with prejudice when satisfaction of the award has rendered the controversy moot*." Id.* at 400.

We decline to follow *Brooks Trust*. *See In re Pers. Restraint of Arnold*, 190 Wn.2d 136, 154, 410 P.3d 1133 (2018) (holding that Court of Appeals divisions are not bound by decisions of other divisions). *Brooks Trust* prioritized policy considerations over the plain language of the statute. 111 Wn. App. at 399-400. In holding that the superior court did not err by dismissing the case, Division Three emphasized judicial economy and the policy goals of using arbitration to avoid the formalities, delay, expense, and vexation of litigation. *Id.* We decline to follow *Brooks Trust* because policy considerations cannot overcome the plain language of a statute. *See Protect the Peninsula's Future*, 185 Wn. App. at 972. "Interpretation of an unambiguous statute must focus on the plain statutory language, not what seems most reasonable or 'makes sense' from a

policy perspective. When the legislature has expressed its intent in the plain language of a statute, we cannot substitute our judgment for the legislature's judgment." *Id.*[4]

On the issue of mootness, "[a] case becomes moot when a court can no longer provide effective relief." *Gronquist*, 196 Wn.2d at 569. Here, AURC requested relief from the superior court in the form of an order confirming the arbitration award. As discussed above, a party that moves for an order confirming an arbitration award is entitled by statute to that confirmation order. *See* RCW 7.04A.220. The superior court below made an oral ruling confirming the arbitration award but had not yet entered the written order. Before the superior court could enter its written order on the Monday following its Friday oral ruling, Point Ruston initiated payment of the amount of the arbitration award over the weekend. However, payment of the arbitration award did not deprive AURC of relief in the form of a written confirmation order, to which AURC is statutorily entitled. Thus, effective relief could still be provided.[5] This issue was not moot.

Because the plain language of RCW 7.04A.220 required the superior court to confirm the arbitration award once AURC moved for confirmation, and because the case was not moot, the

---

[4] Even if the policy considerations in *Brooks Trust* are applied to this case, those same policy considerations support affirming the superior court's confirmation of the arbitration award. Here, AURC brought the motion to confirm the arbitration award, and both parties provided briefing and oral argument on the motion. In its briefing, Point Ruston did not oppose confirmation of the award. Following oral argument, the superior court clearly expressed its intention to confirm the award and attach the interim and final arbitration awards to its order. Only after this clear expression of intent did Point Ruston attempt to pay the award and bring a motion to dismiss. By the time Point Ruston started the payment process, the parties and the superior court had already participated in most of the formalities, delays, expenses, and vexation of litigation.

[5] We note that this case involves *confirmation* of an arbitration award, not *enforcement* of that award. We do not address the issue of mootness in cases involving enforcement of arbitration awards after a party has paid the amount of that award.

superior court did not err by confirming the arbitration award and entering judgment against Point Ruston instead of dismissing the case with prejudice.[6]

B.     ATTACHING INTERIM AND FINAL ARBITRATION AWARDS

Point Ruston takes issue with the superior court's decision to attach the arbitrator's interim and final arbitration awards to the court's order confirming the arbitration award because the interim and final arbitration awards included the arbitrator's reasoning and argues that the superior court erred by attaching the arbitrator's interim and final arbitration awards to the confirmation order. We disagree.

Attaching the arbitrator's interim and final awards merely identified the awards the superior court was confirming, nothing more or less. To the extent Point Ruston wanted to challenge the content of the arbitration awards, it should have done so at arbitration, filed a motion for modification under RCW 7.04A.240, or filed a motion for vacation under RCW 7.04A.230. Any attempt by Point Ruston to contest the arbitration awards under RCW 7.04A.220 fails as that statute is not the avenue the legislature has prescribed for Point Ruston to challenge the content of the awards.

Point Ruston contends that the superior court erred by confirming the reasons for the arbitration awards by attaching the awards to the confirmation order, arguing that, under *Westmark Properties, Inc. v. McGuire*, 53 Wn. App. 400, 766 P.2d 1146 (1989), courts cannot confirm an arbitrator's reasons supporting an award. In *Westmark*, the parties agreed to go to arbitration after

---

[6] Point Ruston makes several arguments regarding res judicata and collateral estoppel in a hypothetical future case. Because we do not render advisory opinions, we do not address Point Ruston's arguments regarding res judicata and collateral estoppel. *See Gunn v. Riely*, 185 Wn. App. 517, 532, 344 P.3d 1225, *review denied*, 183 Wn.2d 1004 (2015).

the case was filed, but before trial. 53 Wn. App. at 401. One of the parties sought to vacate the arbitration award, which included "random observations about the case in general and about some of the evidence," but the superior court denied the motion to vacate and entered an order and judgment confirming the award. *Id.* at 401, 403. On appeal, the appellant challenged the arbitrator's random observations as findings of fact. *Id.* at 403. The appellate court declined to review the observations as factual findings, stating "[a]n award consists of a statement of the outcome, much as a judgment states the outcome. A statement of reasons for the award is not part of the award." *Id.* at 403. Contrary to Point Ruston's argument, *Westmark* does not preclude a superior court from attaching an arbitration award that includes an arbitrator's reasoning to an order confirming the arbitration award.[7]

The superior court did not err by attaching the arbitrator's interim and final arbitration awards to the court's order confirming the arbitration award.

C.      ATTORNEY FEES AND COSTS ON APPEAL

Point Ruston and AURC both request attorney fees and costs on appeal. We deny Point Ruston's request and grant AURC's request.

RAP 18.1(a) allows for an award attorney fees "[i]f applicable law grants to a party the right to recover reasonable attorney fees or expenses on review." Attorney fees may be awarded when authorized by a contract provision, statute, or recognized ground in equity. *King County v.*

---

[7] We note that here, the parties had an underlying loan agreement that included special rules for arbitration. One of those special rules required the arbitrator to provide "a concise written statement setting forth the reasons for the judgment and for the award, if any." CP at 137. Thus, the underlying agreement between the parties required the arbitrator to include written reasons for the arbitration award.

*Vinci Constr. Grands Projects/Parsons RCI/Frontier-Kemper, JV*, 188 Wn.2d 618, 625, 398 P.3d 1093 (2017). The loan agreement between AURC and Point Ruston Phase II, LLC states, "Borrower shall pay all costs and fees associated with the enforcement of Lender's rights and remedies under the Loan Documents." CP at 127. AURC is the "Lender" for purposes of the loan agreement.

RAP 18.1(b) requires that a party devote a section of its opening brief to the request for attorney fees or expenses on appeal. Here, Point Ruston only requests attorney fees and costs in its reply brief, not its opening brief. Therefore, we deny Point Ruston's request for attorney fees and costs on appeal.

AURC requests attorney fees and costs on appeal pursuant to the loan agreement. As discussed above, this appeal concerns AURC's rights and remedies under the loan agreement; specifically, AURC's right to have the superior court to confirm an arbitration award. Therefore, this appeal is associated with the enforcement of AURC's rights and remedies under the loan agreement, and the loan agreement allows AURC to collect attorney fees and costs from this appeal.[8] However, the loan agreement only lists Point Ruston Phase II, LLC, as the "Borrower." Therefore, we grant AURC's attorney fees and costs on appeal, but solely against Point Ruston Phase II, LLC.

---

[8] AURC also argues that the arbitrator found that other agreements between the parties also entitled the prevailing party to attorney fees and costs. Because the record on appeal does not contain these other agreements, we do not address whether the other agreements allow an award for attorney fees or costs.

No. 56658-3-II

CONCLUSION

We affirm the superior court's order confirming the arbitration award. We also grant AURC's attorney fees and costs on appeal against Point Ruston Phase II, LLC.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Cruser, A.C.J.

_____
Price, J.