[No. A053213. First Dist., Div. Two. May 12, 1992.]

PACIFIC LAW GROUP: USA, Plaintiff and Appellant, v.
PAUL R. GIBSON, Defendant and Respondent.

COUNSEL

Kenneth H. Prochnow for Plaintiff and Appellant.

Ware & Freidenrich, Jeffrey J. Lederman, Mark Fowler and Diane M. Pierno for Defendant and Respondent.

OPINION

**PETERSON, J.**—Pacific Law Group: USA appeals from a judgment confirming an arbitration award in favor of respondent Paul R. Gibson. It maintains confirmation should not have been entered because the amount awarded had been paid. We disagree and affirm.

I. FACTUAL AND PROCEDURAL BACKGROUND

Pacific Law Group: USA (hereafter Pacific) is a law firm which specializes in international business transactions. In May 1990, it filed a complaint against a client, International Business-Government Action, Inc. (hereafter Interact), and its president, Paul R. Gibson, for legal fees. Interact and Gibson asked that the dispute be resolved alternatively, and the parties stipulated to binding arbitration.

An arbitration hearing held in August 1990 resulted in a split ruling. The arbitrators decided that Interact must pay Pacific legal fees in excess of $33,000, but held Gibson not individually responsible.

The parties then began discussing how the award could be formalized. The parties agreed that Pacific's award against Interact could be confirmed but

differed about whether Gibson could confirm his award against Pacific. Essentially, Pacific maintained that since it had paid Gibson the amount he had been awarded by the arbitrators, his costs, there was nothing to confirm. Gibson countered that he was statutorily entitled to confirmation of his portion of the award. The dispute was resolved when Gibson and Interact sought and received an order from the superior court confirming the entire arbitration award, including that portion which was in favor of Gibson and against Pacific. In addition, the court awarded Interact and Gibson attorney fees and costs of $2,010, which they had expended in confirming the award.

After a judgment setting forth these provisions was entered, Pacific filed the present appeal.

II. Discussion

Pacific argues the trial court erred when it confirmed the arbitration award in favor of Gibson because the amount awarded had already been paid. In essence, Pacific maintains that only plaintiffs' awards may be confirmed and, then, only to the extent those awards have not been satisfied. We disagree.

Code of Civil Procedure section 1285 unequivocally states that "Any party to an arbitration in which an award has been made may petition the court to confirm . . . the award." Confirmation is mandatory under Code of Civil Procedure section 1286, which provides, "the court shall confirm the award as made . . . unless . . . it corrects the award and confirms it as corrected, vacates the award or dismisses the proceeding." Furthermore, once an award is confirmed, "judgment shall be entered in conformity therewith." (Code Civ. Proc., § 1287.4.) Nothing in these sections limits the confirmation of arbitration awards to successful plaintiffs who have not been paid. To the contrary, it is clear that all arbitration awards, including defense awards which have been satisfied, are subject to confirmation.

Pacific presents two arguments in an attempt to refute this conclusion. First, it relies on wording contained in an informational pamphlet provided by the San Mateo County Bar Association to clients who have arbitrated a fee dispute with their counsel. Using a question and answer format, one portion of the pamphlet tells the client "If you are not paid, you have the right to request court orders allowing you to take and sell the other party's property . . . ." Pacific seizes upon the "If you are not paid" clause and argues that it somehow limits confirmation to situations where an award has not been satisfied. This is pure sophistry. While obviously confirmation will be most common when an arbitration award has not been paid, nothing in the

language cited above limits confirmation to that circumstance. In any event, Pacific fails to explain how an informational pamphlet provided by a local bar association can control the express wording of the Code of Civil Procedure. Obviously, it cannot.

Second, Pacific relies on one of the statutes in the Business and Professions Code which sets forth attorneys' obligations to arbitrate fee disputes with clients. Business and Professions Code section 6203 (section 6203), subdivision (b) states, in part, *"Even if the parties to the arbitration have not agreed in writing to be bound,* the arbitration award shall become binding upon the passage of 30 days after mailing of notice of the award, unless a party has, within the 30 days, sought a trial after arbitration pursuant to Section 6204. *If an action has previously been filed in any court, any petition to confirm, correct, or vacate the award shall be to the court in which the action is pending . . . ; otherwise it shall be in the same manner as provided in [Section 1285 et seq.]* If no action is pending in any court, the award may be confirmed, corrected, or vacated by petition to the court having jurisdiction over the amount of the arbitration award, but otherwise in the same manner as provided in [Section 1285 et seq.]" (Italics added.)

Pacific focuses on those portions of section 6203, subdivision (b) which we have emphasized above, and argues that, since the section specifically discusses confirmation in the context of nonbinding arbitration, confirmation is only available to those who have selected nonbinding arbitration. Pacific argues Gibson's award could not be confirmed because that award was obtained in a binding arbitration.

We are unpersuaded. ■ The meaning of a particular clause or phrase is determined by considering it in the context of the statutory framework in which it appears. (*Moyer v. Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal. Rptr. 144, 514 P.2d 1224].) ■ Applying this rule, we observe that the remaining portions of section 6203 set forth rules which are applicable in both binding and nonbinding arbitration. For example, the first paragraph of subdivision (a) mandates that the award be in writing and signed by the arbitrators, and that it "shall not include any award to either party for attorney's fees incurred . . . ." The second paragraph of subdivision (a) provides that the arbitrators may consider evidence relating to claims of professional malpractice and professional misconduct, but only to the extent that those claims bear upon the fees and costs to which the attorney is entitled. Each of these provisions is applicable to both binding and nonbinding arbitrations. Given this fact, we must conclude that those portions of section 6203, subdivision (b) which provide for confirmation are also applicable in both binding and nonbinding arbitrations.

This conclusion is supported by yet another rule of statutory construction. ■ We are required to give statutes a reasonable and commonsense interpretation which will result in wise policy rather than mischief or absurdity. (*DeYoung* v. *City of San Diego* (1983) 147 Cal.App.3d 11, 18 [194 Cal.Rptr. 722].) ■ To accept Pacific's argument, we would be required to hold that parties who initially agree to nonbinding arbitration, but who then allow the resulting award to become binding by failing to seek a trial de novo, are entitled to confirmation; while those who initially agree to binding arbitration are not entitled to confirmation. We can see no reason to accept such an anomalous interpretation.

Pacific's real objection to the proceedings below is not that the arbitration award was confirmed or that a judgment thereupon was entered, but goes to the preclusive effect the judgment may have. Pacific apparently anticipates that it will be unsuccessful in its attempt to collect its judgment from Interact, and it is concerned that Gibson will use the judgment he obtained for the purpose of imposing a defense of res judicata in the event of a future action against him. However, as Pacific itself stated in the court below, this argument puts the cart before the horse. The sole issue before the lower court was a petition to confirm the arbitration award. Under the facts presented, confirmation was mandatory. Whether the judgment entered can later be urged as a defense on grounds of res judicata or collateral estoppel was, and is, irrelevant.

■ Pacific's alternate argument on appeal is no more persuasive. It maintains the trial court abused its discretion when it awarded Gibson his attorney fees and costs incurred in obtaining the confirmation. We disagree. Section 6203, subdivision (c) authorizes such an award. Prior to the hearing, Gibson repeatedly offered to stipulate to the confirmation, but Pacific refused. In these circumstances, an award of fees and costs was eminently justified.

■ The final issue on appeal has been raised by Gibson. He asks to recover his attorney fees on appeal because Pacific's appeal is frivolous. While we agree an award of attorney fees is appropriate, we elect not to base it on this ground. Under section 6203, subdivision (c), a court "confirming, correcting, or vacating an award . . . may award to the prevailing party reasonable fees and costs including, if applicable, fees or costs on appeal, incurred in obtaining confirmation, correction, or vacation of the award." In affirming the judgment of the court below we are, in effect, confirming the arbitration award. Accordingly, an award of fees is appropriate.

III. DISPOSITION

The judgment is affirmed. Gibson is awarded attorney fees on appeal of $3,750. Each side shall bear its own costs.

Smith, Acting P. J., and Benson, J., concurred.