**FILE**

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
APRIL 11, 2024

_Gonzáles, C.J._
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
APRIL 11, 2024

ERIN L. LENNON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| AURC III, LLC, an Oregon limited liability company, | ) ) ) | No. 101872-0 |
| Respondent, | ) ) ) | |
| v. | ) ) | |
| POINT RUSTON PHASE II, LLC, a Washington limited liability company; POINT RUSTON, LLC, a Washington limited liability company; CENTURY CONDOMINIUMS, LLC, a Washington limited liability company; THE SHOPS AT POINT RUSTON I, LLC, a Washington limited liability company; PR RETAIL, LLC, a Delaware limited liability company; PR BUILDING 11/9, LLC, a Washington limited liability company; POINT RUSTON THEATRE, LLC, a Washington limited liability company; PR MAIN STREET RETAIL, LLC, a Delaware limited liability company; and RAINIER PROPERTY SERVICES, LLC, a Washington limited liability company, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | En Banc<br><br>Filed: April 11, 2024 |
| Petitioners. | ) ) ) | |

MADSEN, J.—Washington law on arbitration states that when a party receives

"notice of an award, the party *may* file a motion with the court for an order confirming

the award, at which time the court *shall* issue such an order unless the award is modified or corrected . . . or is vacated." RCW 7.04A.220 (emphasis added). Judicial scrutiny of an arbitration award is "strictly limited; courts will not review an arbitrator's decision on the merits." *Westmark Props., Inc. v. McGuire*, 53 Wn. App. 400, 402, 766 P.2d 1146 (1989). At issue here is (1) whether the full payment of an arbitration award moots the underlying case, including a motion to confirm the award, and requires dismissal and (2) whether attaching an arbitrator's award to a confirmation order constitutes a judicial endorsement of the arbitrator's reasoning.

We hold that when a party seeks a confirmation order, RCW 7.04A.220 requires issuance of the order subject to narrow exceptions inapplicable here. Payment of an arbitration award does not render the underlying case moot. We also hold that attaching an arbitrator's award merely identifies the basis for the confirmation order. Accordingly, we affirm the Court of Appeals.

## BACKGROUND

Point Ruston is a 97-acre former copper smelter and environmental clean-up site located on the Puget Sound waterfront in Ruston and Tacoma, Washington. Point Ruston LLC[1] purchased the site for $169,000,000 and developed it in phases. In 2013, Point Ruston began the second phase of development. To help fund phase two, Point Ruston negotiated a $66 million loan from American United Development Group, which in turn

---

[1] Numerous limited liability companies related to the Point Ruston development are listed as appellants (collectively "Point Ruston").

created AURC III LLC to raise and manage funds from foreign investors seeking United States residency.

After disbursing the full amount of the loan, AURC filed an amended complaint against Point Ruston. AURC alleged, among other things, that Point Ruston was delinquent on interest payments in breach of its loan agreement. The superior court ordered Point Ruston and AURC to engage in arbitration for which the parties contracted in their loan agreement. The agreement specified that arbitration would follow the Federal Arbitration Act, 9 U.S.C. §§ 1-14, or, if not applicable, state law and set out special rules, such as requiring the arbitrator to "provide a concise written statement setting forth the reasons for the judgment and for the award, if any." Clerk's Papers (CP) at 137.

The parties entered arbitration. The arbitrator issued an interim award only on the amount of current and default interest due and awarded $10,969,015 to AURC. The interim award included facts about the loan, the parties' arguments, and the arbitrator's reasoning. The arbitrator then issued a final award for the same amount, as well as awarding attorney fees and arbitration fees and expenses. In total, Point Ruston was required to pay over $11.4 million.

AURC moved to confirm the award and for presentation of judgment. AURC's confirmation motion identified the total award amount but did not attach the interim or final awards. Initially, Point Ruston agreed AURC was "entitled to confirmation of the Award and entry of a Final Judgment" but opposed attaching the arbitrator's awards to

that judgment. *Id.* at 162-63.[2] Point Ruston argued that attaching the awards would essentially serve as an independent judicial review of the "correctness" of the arbitration. Verbatim Rep. of Proc. (Sept. 24, 2021) at 8-9. Point Ruston also argued the awards contained erroneous, unsupported, and prejudicial findings. The court agreed that approval or disapproval of an arbitrator's award was not the court's job, but it distinguished the act of attaching the rulings as clarifying the basis for the court's order.

The superior court decided to attach the awards to the confirmation order. The court made an oral ruling and stated it would later enter a written order that would include language explaining the court was not endorsing the arbitrator's reasoning. Before the court could enter the written confirmation order and judgment, Point Ruston paid the award and filed a motion to dismiss the case as moot because no live dispute remained. After AURC alerted the court that it received the award amount from Point Ruston, the court denied the motion to dismiss. The court entered the confirmation order with the interim and final awards attached as exhibits, as well as a judgment against Point Ruston. AURC filed a full satisfaction of judgment.

Point Ruston appealed on two grounds. It challenged (1) the superior court's denial of the motion to dismiss and (2) the court's decision to attach the arbitration awards to the confirmation order. Division Two of the Court of Appeals affirmed in an unpublished opinion. *AURC III, LLC v. Point Ruston Phase II, LLC*, No. 56658-3-II, slip op. at 2 (Wash. Ct. App. Mar. 7, 2023) (unpublished),

---

[2] AURC eventually indicated that it would not seek additional relief and that the only remaining issue was the monetary award. *See* Verbatim Rep. of Proc. (Sept. 28, 2021) at 9-10.

No. 101872-0

https://www.courts.wa.gov/opinions/pdf/D2%2056658-3-
II%20Unpublished%20Opinion.pdf. Point Ruston sought review in this court, which was
granted. *AURC III v. Point Ruston Phase II, LLC*, 1 Wn.2d 1018 (2023).

ANALYSIS

In Washington, arbitration is controlled by the Uniform Arbitration Act (UAA).
*See* ch. 7.04A RCW; *Price v. Farmers Ins. Co. of Wash.*, 133 Wn.2d 490, 495, 946 P.2d
388 (1997). The UAA sets out the procedure and rules governing arbitration. *Godfrey v.
Hartford Cas. Ins. Co.*, 142 Wn.2d 885, 894, 16 P.3d 617 (2001) (arbitration proceedings
are governed by statute); *see, e.g.*, RCW 7.04A.190 (requiring the arbitrator to make a
record of an award). While arbitration is intended to fully settle controversies outside the
courtroom, trial courts do play a limited role. Relevant here, when a party is notified of
an arbitration award,

> the party may file a motion with the court for an order confirming the
> award, at which time the court shall issue such an order unless the award is
> modified or corrected under RCW 7.04A.200 or 7.04A.240 or is vacated
> under RCW 7.04A.230.

RCW 7.04A.220.

RCW 7.04A.200, .240, and .230 provide narrow grounds for modifying,
correcting, or vacating an arbitrator's award. Upon granting an order confirming,
vacating, or modifying an award, the court "shall enter a judgment in conformity"
therewith, which "may be recorded, docketed, and enforced as any other judgment in a
civil action." RCW 7.04A.250(1).

5

Washington courts have accorded "substantial finality" to arbitration decisions that adhere to the parties' contract and statutory requirements. *Davidson v. Hensen*, 135 Wn.2d 112, 118, 954 P.2d 1327 (1998). "The shorthand description for this policy of finality is that judicial review of an arbitration award is limited to the face of the award." *Id.* Phrased differently, judicial review of an award "in the context of a proceeding under RCW 7.04.150[3] to confirm an arbitrator's award is exceedingly limited." *Id*. at 119.

1. <u>Motion To Dismiss</u>

Point Ruston contends its payment of the arbitration award rendered the case moot. In Point Ruston's view, "tendering payment of this amount ended the controversy. There was nothing left for the Superior Court to decide," and the court should have dismissed the case with prejudice instead of confirming the arbitration award. Suppl. Br. of Pet'rs at 15.

A case is moot when it involves only abstract propositions or questions, the substantial issues in the trial court no longer exist, or a court can no longer provide effective relief. *Orwick v. City of Seattle*, 103 Wn.2d 249, 253, 692 P.2d 793 (1984). Mootness is reviewed de novo. *Hilltop Terrace Homeowner's Ass'n v. Island County*, 126 Wn.2d 22, 29, 891 P.2d 29 (1995).

The meaning of RCW 7.04A.220 is a question of statutory interpretation that we review de novo. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d

---

[3] RCW 7.04A.220 superseded RCW 7.04.150 with the passage of the UAA. The current statute eliminated the one-year statute of limitations but is substantially the same. The parties have not argued here that case law interpreting .150 is inapplicable.

4 (2002). The primary objective of statutory interpretation is to "ascertain and carry out the Legislature's intent." *Id.* If the meaning of the statute is plain on its face, we give effect to that plain meaning as an expression of legislative intent. *Id.* at 9-10. We discern plain language from the ordinary meaning of the language in the context of related statutory provisions, the entire statute, and related statutes. *Id.* at 9-12.

As noted above, RCW 7.04A.220 states that when a party receives notice of an award they "*may* file a motion with the court for an order confirming the award, at which time the court *shall* issue such an order unless the award is modified or corrected . . . or is vacated." (Emphasis added.)

Here, the Court of Appeals interpreted the plain language of the statute. When a statute contains the word "shall," "it 'is presumptively imperative and creates a mandatory duty unless a contrary legislative intent is shown.'" *AURC*, No. 56658-3-II, slip op. at 6 (quoting *Goldmark v. McKenna*, 172 Wn.2d 568, 575, 259 P.3d 1095 (2011)). AURC moved for a confirmation order; none of the listed exceptions (modification, correction, vacation) applied and nothing in chapter 7.04A RCW indicated that the legislature intended anything but a mandatory duty. *Id.* Thus, the Court of Appeals concluded that a motion for confirmation triggered the superior court's mandatory duty to issue the confirmation order. *Id.* (citing RCW 7.04A.220; *Goldmark*, 172 Wn.2d at 575).

Point Ruston contends now, as it did below, that *Kenneth W. Brooks Trust A v. Pacific Media, LLC*, 111 Wn. App. 393, 44 P.3d 938 (2002), conflicts with a mandatory interpretation of .220, and instead the case *requires* dismissal when a party satisfies an

7

arbitration award.  AURC argues that *Brooks Trust* was wrongly decided and urges us to follow the plain language of RCW 7.04A.220, which requires confirmation.  We agree with AURC.

In *Brooks Trust*, the losing party in an arbitration tendered payment prior to a confirmation hearing, and the superior court dismissed the underlying case with prejudice.  *Id.* at 395-96.  The successful party appealed the dismissal, arguing that it was error not to confirm the award.  *Id.* at 398-99.  The Court of Appeals affirmed.  *Id.* at 400.  The court reasoned that the successful party in arbitration moved to confirm the award and reduce it to a judgment that was no longer due; the matter was effectively settled.  *Id.* at 398-99 (citing *Or. Mut. Ins. Co. v. Barton*, 109 Wn. App. 405, 413-14, 36 P.3d 1065 (2001)).  The court also found that confirmation and judgment were unnecessary and risked wasting scarce judicial resources.  *Id.* at 399-400.  Notwithstanding the plain language of the confirmation and judgment statutes (former RCW 7.04.150, .190 (2001)), *Brooks Trust* held that a trial court may deny confirmation and dismiss the underlying claim when satisfaction of the award renders the controversy moot.  *Id.* at 400.

*Brooks Trust* appears to be the only Washington case addressing the intersection of mootness with satisfaction and confirmation of arbitration awards.  Other jurisdictions have considered this issue and their decisions are instructive.

In *Mikelson v. United Services Automobile Association*, the Hawaiʻi appellate court interpreted its version of the UAA's confirmation statute and looked to analogous federal precedent for guidance.  122 Haw. 393, 396-401, 227 P.3d 559 (2010).  The Second Circuit Court of Appeals has recognized that the Federal Arbitration Act requires

8

a trial court to confirm an arbitration award and that satisfaction is not a basis to deny confirmation. *Id*. at 396-97 (citing *Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir. 1987); *Zeiler v. Deitsch*, 500 F.3d 157, 169 (2d Cir. 2007)). Other federal courts have stated that satisfaction "'has no bearing on whether . . . arbitration awards should be confirmed.'" *Id*. (quoting *Dist. Council No. 9 v. APC Painting, Inc.*, 272 F. Supp. 2d 229, 239 (S.D.N.Y. 2003)). Satisfaction and confirmation are separate. *Id.* at 397 (quoting *Collins v. D.R. Horton, Inc.*, 361 F. Supp. 2d 1085, 1093 (D. Ariz. 2005)). For these courts, confirmation is distinct from enforcement.

As to mootness, some federal courts have held that an arbitration controversy remains live until it is confirmed. *Teamsters Loc. 177 v. United Parcel Serv.*, 966 F.3d 245, 251-52 (3d Cir. 2020) ("[T]he dispute the parties went to arbitration to resolve is 'live' until the arbitration award is confirmed and the parties have an enforceable judgment in hand."); *Ameriprise Bank, FSB v. PNC Bank, Nat'l Ass'n*, No.12-cv-1113, 2012 WL 5906400, at *9 (W.D. Pa. Nov. 26, 2012) (holding that "a federal court constrained by Article III may confirm an award even in the absence of a *new* dispute involving the award's application or enforcement" because the "controversy between the parties remains live until the arbitral award is confirmed").

Our sister courts in Michigan, South Carolina, and Nebraska agree. In Michigan, the state supreme court recognized that payment of an arbitration award "did not obviate the need to confirm the award." *Ronnisch Constr. Grp., Inc. v. Lofts on the Nine, LLC*, 499 Mich. 544, 565, 886 N.W.2d 113 (2016). *Ronnisch* pointed out that in some circumstances, confirmation may be necessary even after an award is satisfied—such as a

9

winning party seeking costs or attorney fees. *Id.* Thus, *Ronnisch* concluded, "[A] party cannot avoid confirmation by paying an arbitration award before the confirmation proceeding." *Id*. & n.67 (citing *Henderson v. Summerville Ford-Mercury Inc.*, 405 S.C. 440, 454, 748 S.E.2d 221 (2013) (holding that payment does not moot a confirmation request); *Drummond v. State Farm Mut. Auto. Ins. Co.*, 280 Neb. 258, 262, 785 N.W.2d 829 (2010) (same); *Mikelson*, 122 Haw. at 400-01; *In re Bernstein Fam. Ltd. P'ship v. Sovereign Partners, LP*, 66 A.D.3d 1, 6, 883 N.Y.S.2d 201 (2009) ("[I]t is irrelevant in a proceeding to confirm an award whether there is a dispute about whether the award has been fully satisfied."); *Collins*, 361 F. Supp. 2d at 1093 (holding that confirmation was mandatory, regardless of payment, unless the award is modified, vacated, or corrected); *Pac. L. Grp.: USA v. Gibson*, 6 Cal. App. 4th 577, 580, 7 Cal. Rptr. 2d 878 (1992) (holding that nothing in California's arbitration statute limits confirmation to circumstances in which the award has not been paid)).

Not all jurisdictions have followed suit. Some jurisdictions do not differentiate between confirmation and enforcement. Unsurprisingly, courts in those jurisdictions have declined to confirm already-satisfied awards. *See Mikelson*, 122 Haw. at 397-98 (citing *Derwin v. Gen. Dynamics Corp.*, 719 F.2d 484 (1st Cir. 1983); *Loc. 2414 of United Mine Workers of Am. v. Consol. Coal Co.*, 682 F. Supp. 399 (S.D. Ill. 1988)). For these courts, the bifurcation of confirmation and enforcement is "cumbersome, unnecessary, and potentially misleading" when entry of confirmation may imply a party is violating it. *Derwin*, 719 F.2d at 490-93; *see also Stewart Title Guar. Co. v. Tilden*, 2003 WY 31, ¶¶ 8-10, 64 P.3d 739, 742 (2003); *Murphy v. Nat'l Union Fire Ins. Co.*, 438

Mass. 529, 532-34, 781 N.E.2d 1232 (2003).  Further, the lack of a "new dispute" from the one resolved by the arbitrator does not justify confirmation.  *Derwin*, 719 F.2d at 491; *Loc. 2414*, 682 F. Supp. at 399-400.

Taken together, the preceding cases demonstrate that confirmation turns on (1) the mandatory language of the applicable arbitration statute and (2) the distinction between confirmation and enforcement.  *See Mikelson*, 122 Haw. at 397.  For these reasons, *Mikelson* declined to follow *Derwin* and *Local 2414*.  *Id*. at 398-99.  "[T]he existing controversy rationale" in those cases, the *Mikelson* court explained, could not overcome the plain language of the confirmation statute.  *Id.* at 399.  Further, Hawai'i had already recognized that a motion to confirm was separate from enforcement, and consequently, the state had adopted the bifurcated confirmation/enforcement approach.  *Id.* (citing *In re Arb. between United Pub. Workers, AFSCME, Loc. 646, AFL-CIO v. City & County of Honolulu*, 119 Haw. 201, 208-09, 194 P.3d 1163 (2008)).

Similar to Hawai'i, we follow the plain language of RCW 7.04A.220 and the reasoning for distinguishing enforcement and confirmation.  *See id.* at 399; RCW 7.04A.901 ("In applying and construing this uniform act, consideration must be given to the need to promote uniformity of the law with respect to its subject matter among states that enact it.").

RCW 7.04A.220 requires a court to issue a confirmation order unless the award is modified, clarified, or vacated—none of which applies here.  "What could be stronger than language that, upon application," instructs that trial courts "'must grant'" confirmation subject to three exclusive exceptions.  *Teamsters Loc. 177*, 966 F.3d at 252

(quoting 9 U.S.C. § 9). RCW 7.04A.220 uses the term "shall," which is "imperative and creates a mandatory duty unless a contrary legislative intent is shown." *Goldmark*, 172 Wn.2d at 575. We find no contrary legislative intent counteracting the mandatory duty of a trial court to issue a confirmation order.

Moreover, Washington has recognized the distinction between confirmation and enforcement. Pursuant to RCW 7.04A.250(1), a court granting a confirmation order shall enter a judgment that "may be . . . enforced as any other judgment in a civil action." Confirmation of an arbitration award is "no more than a motion for an order to enforce an award of compensation already made" by an arbitrator. *Thorgaard Plumbing & Heating Co. v. King County*, 71 Wn.2d 126, 132, 426 P.2d 828 (1967). "If the court does not modify, vacate, or correct the award, the court exercises a mere ministerial duty to reduce the award to judgment." *Price*, 133 Wn.2d at 497 (citing *Thorgaard*, 81 Wn.2d at 132). A party may apply to the trial court to confirm an arbitration award, but that is not tantamount to bringing an original action to obtain a monetary judgment. *Id.* Chapter 7.04A RCW separates confirmation from enforcement.[4]

Point Ruston urges us to reject this analysis and embrace the policy rationale of *Brooks Trust*. We decline. Instead, we overrule the case.

*Brooks Trust* concluded that notwithstanding the plain language of RCW 7.04.150, dismissal was consistent with the policy goals of arbitration. 111 Wn. App. at 400. As noted, courts may depart from the plain language of a statute based on evidence of

---

[4] As does the loan agreement's special rules, which state that the arbitration award "may be submitted to any court having jurisdiction to be confirmed and enforced." CP at 137.

contrary legislative. *Goldmark*, 172 Wn.2d at 575. The *Brooks Trust* court did not engage in this inquiry. Rather, the court decided that an accepted arbitration payment "effectively settled" the matter, citing *Oregon Mutual*, 109 Wn. App. at 413-14. *Brooks Trust*, 111 Wn. App. at 399.

Oregon Mutual is not an arbitration case, however. It is an insurance case concerning accord and satisfaction. 109 Wn. App. at 413. The principle of accord and satisfaction recognizes an agreement between a debtor and creditor to settle a claim by "some performance different from that which was claimed due and the acceptance of such substituted performance by the claimant as full satisfaction of [the claimant's] claim." *Nw. Motors, Ltd. v. James*, 118 Wn.2d 294, 303, 822 P.2d 280 (1992) (alteration in original). Yet payment of an award is precisely what is claimed due to a successful party in arbitration. Nor did any party in *Brooks Trust* argue (let alone prove) accord and satisfaction occurred. *See Gleason v. Metro. Mortg. Co.*, 15 Wn. App. 481, 498, 551 P.2d 147 (1976) (a party alleging accord and satisfaction must prove there was a meeting of the minds and both parties understood that such would be the result).

In any event, injecting accord and satisfaction into a confirmation analysis conflicts with the objectives of arbitration. Read together, *Brooks Trust* and *Oregon Mutual* imply the payment of an arbitration award creates a new contract enforceable outside chapter 7.04A RCW by a court applying principles of contract law. *See Oregon Mut.*, 109 Wn. App. at 413-14. As a new contract, an accord and satisfaction must be pleaded and proved, and is subject to the same defenses against enforcement as any other contract. 25 DAVID K. DEWOLF ET AL., WASHINGTON PRACTICE: CONTRACT LAW AND

PRACTICE § 16:2 (3d ed. 2014). Following the reasoning of *Brooks Trust*, such a contract is created when an arbitration award is paid and accepted, inviting litigation and generating further expense and delay—the avoidance of which is the very purpose of arbitration. *Thorgaard*, 71 Wn.2d at 131; *Westmark*, 53 Wn. App. at 402 ("[Arbitration] is designed to settle controversies, not to serve as a prelude to litigation.").

We may overrule a Court of Appeals' decision for a variety of reasons.[5] Here, *Brooks Trust* was wrongly decided. It improperly elevated the policies of arbitration over the mandatory language of the confirmation statute, without showing the legislature intended such a departure. The decision imported accord and satisfaction into a confirmation proceeding without considering its harmful implications to the goals of arbitration—namely, potentially requiring courts to enforce new contracts outside the confines of chapter 7.04A RCW. Further, *Brooks Trust* permits trial courts to deny statutorily required relief. Without an order of confirmation, vacation, modification, or correction, a judgment cannot be entered. RCW 7.04A.250(1). RCW 7.04A.250(1) does not require a party to file specific records in support of a motion to confirm, unlike the Federal Arbitration Act, which directs parties to file with the clerk the arbitration agreement, the award, and confirmation application. 9 U.S.C. § 13. RCW 7.04A.190(1) requires an arbitrator to make a record of an award to be provided to the parties but says nothing of preserving the award. Thus, confirmation and recording a judgment provide a

---

[5] In contrast, when overruling a decision of our court, we must find the decision is incorrect and harmful or that the underpinnings of the decision have eroded. *State v. Kier*, 164 Wn.2d 798, 804-05, 194 P.3d 212 (2008); *State v. Martinez*, 196 Wn.2d 605, 612, 476 P.3d 189 (2020) (citing *Pendergrast v. Matichuk*, 186 Wn.2d 556, 565, 379 P.3d 96 (2016)).

record of what was decided by the arbitration in the event a dispute arises on the scope of an award.

Finally, *Brooks Trust* creates discretion in a confirmation proceeding where none exists and "cause[s] mischief" by allowing parties to open the closed doors of arbitration to judicial review of new accord and satisfaction contracts—which our arbitration code does not contemplate. William O. Douglas, *Stare Decisis*, 49 COLUM. L. REV. 735, 749 (1949).

As to mootness, the payment of an arbitration award does not preclude provision of effective relief. *See Orwick*, 103 Wn.2d at 253; *In re Det. of Swanson*, 115 Wn.2d 21, 24, 804 P.2d 1 (1990) (A case is "technically moot" if the "court cannot provide the basic relief . . . *originally sought*." (emphasis added)). In this case, the trial court made an oral ruling on AURC's confirmation motion, indicating it would be granted. Point Ruston paid the arbitration award before the written order was entered and sought dismissal of the case. As the Court of Appeals held, payment of the award did not prevent the trial court from providing the originally requested and effective relief of granting the confirmation motion, as RCW 7.04A.220 requires. *AURC*, No. 56658-3-II, slip op. at 8. The issue was not moot.

2. Attaching the Arbitrator's Awards

Point Ruston argues next that the superior court erred by attaching the interim and final arbitration awards to the confirmation order. This attachment, claims Point Ruston, judicially endorses the "correctness" of the facts and reasons for the award contrary to *Westmark*'s recognition that the "'reasons for the award [are] not part of the award.'"

15

Pet. for Rev. at 18, Ex. 2, at 48 (*AURC*, No. 56658-3-II, slip op. at 11 (quoting *Westmark*, 53 Wn. App. at 403)). AURC contends that Point Ruston misreads *Westmark* and that the attachment of an arbitration award merely clarifies what is being confirmed. We agree with AURC.

In *Westmark*, 53 Wn. App. at 401, an apartment owner appealed the denial of a motion to vacate. The owner submitted the arbitrator's letter consisting "largely of random observations about the case in general and about some of the evidence." *Id.* at 403. The owner characterized those observations as factual findings, which the owner argued must be vacated as unsupported by the evidence and an erroneous exercise of the law. *Id.* The Court of Appeals declined to review the random observations as findings of fact. *Id.* Instead, the court considered sentences in the letter about the sum awarded, which were "substantively sufficient on their face to settle the dispute on the merits, disposed of all the issues, and were clear enough to indicate the relief to which each party was entitled." *Id.* at 403-04.

*Westmark* does not prevent a court from attaching an arbitration award to a confirmation order. Rather *Westmark* is concerned with the boundaries of a court's review of an arbitration award.[6]

---

[6] Division One of the Court of Appeals recently contextualized *Westmark* as one decision in a line of cases examining whether a court "may consider language in the arbitrator's decision beyond the arbitration's actual judgment in favor of one party when determining facial legal error." *Mainline Rock & Ballast, Inc. v. Barnes, Inc.*, 8 Wn. App. 2d 594, 611, 439 P.3d 662 (2019) (citing cases). Another line of cases allows any issue of law evident in the reasoning to be considered as part of the award when a final award includes the arbitrator's reasoning and dollar amount awarded. *Id.* (citing cases). Some decisions have gone further, announcing that a court may even consider "some paper delivered by the arbitrator with the award" when considering whether to modify, vacate, or correct the award. *Id.*

Point Ruston offers no legal authority or logical reason for defining an "award" as only the monetary amounts awarded or for claiming that a court otherwise errs by attaching awards to a confirmation order. *See* Pet. for Rev. at 6-7. Point Ruston characterizes "award" as a term of art, but does not provide a definition supporting its claim that the award is only the monetary awards without reasoning. *Id.* at 5. The parties' loan agreement suggests the opposite: arbitrators are to "provide a concise written statement *setting forth the reasons* for the judgment and for the award, if any." CP at 137 (emphasis added). Point Ruston contracted for arbitration, agreeing to this special rule. Point Ruston provides no reason to permit it to now claim the award should not set out the arbitrator's reasoning. *See Davidson*, 135 Wn.2d at 118 ("Washington courts have given substantial finality to arbitrator decisions rendered in accordance with the parties' contract.").

That Point Ruston dislikes the arbitrator's reasoning is apparent. *E.g.*, Pet. for Rev. at 15 ("Most of the 'reasons' for the award are *not* supported by substantial evidence; they are contrary to the great weight of the evidence; and the Arbitrator made multiple fundamental errors."). Dislike alone does not defeat the parties' contract.

Nor does Point Ruston explain how it would be adversely affected by attaching the award. Washington courts have often noted, "Judicial scrutiny of an arbitration award is strictly limited; courts will not review an arbitrator's decision on the merits." *Westmark*, 53 Wn. App. at 402 (citing *Hatch v. Cole*, 128 Wash. 107, 113, 222 P. 463 (1924)); *Davidson*, 135 Wn.2d at 119. A court will not consider the merits of an arbitrator's decision that include an arbitrator's reasoning. Point Ruston's concern that the allegedly

17

"defamatory observations" could have future consequences is not unwarranted, Suppl. Br. of Pet'rs at 21, but Point Ruston's suggested mechanism for addressing those concerns is not supported by rule, statute, or case law.

Rather, as the Court of Appeals below succinctly put it, "Attaching the arbitrator's interim and final awards merely identified the awards the superior court was confirming, nothing more or less." *AURC*, No. 56658-3-II, slip op. at 9. We affirm.

3. Attorney Fees and Costs

AURC requested appellate fees and costs in its briefing below and in this court. Point Ruston makes the same request.

RAP 18.1(a) allows the court to award fees "[i]f applicable law grants to a party the right to recover reasonable attorney fees or expenses on review." A party may be awarded attorney fees based on a contractual fee provision at the trial and appellate level. *Renfro v. Kaur*, 156 Wn. App. 655, 666-67, 235 P.3d 800 (2010). The loan agreement between AURC and Point Ruston states that the "[b]orrower shall pay all costs and fees associated with the enforcement of Lender's rights and remedies." CP at 127. The arbitrator and the Court of Appeals awarded fees to AURC because the appeal concerned AURC's rights and remedies under the loan agreement. *Id*. at 77-78; *AURC*, No. 56658-3-II, slip op. at 11. The court declined to award fees and costs to Point Ruston because it requested the fees only in its reply brief. *AURC*, No. 56658-3-II, slip op. at 11; RAP 18.1(b).

We deny Point Ruston's request. RAP 18.1(b) ("Requests made at the Court of Appeals will be considered as continuing requests at the Supreme Court."). We award

attorney fees to AURC against Point Ruston Phase II LLC as the only "[b]orrower" listed in the loan agreement. RAP 18.1(a).

CONCLUSION

RCW 7.04A.220 mandates that when requested by a party, the trial court issues a confirmation order subject to modification, clarification, or vacation. Immediate satisfaction of an arbitration award and the prudential concerns of mootness do not overcome this plain statutory language. *Brooks Trust* complicates our case law on this issue, incorrectly elevating arbitration policy over the plain language of the statute and uncritically imported the principle of accord and satisfaction into the arbitration process. We therefore overrule *Brooks Trust*. Further, Point Ruston fails to offer any authority on point precluding the attachment of an arbitrator's reasoning to a confirmation order.

Accordingly, we affirm the Court of Appeals and award attorney fees to AURC.

No. 101872-0

Madsen, J.

WE CONCUR:

González, C.J.

Yu, J.

Johnson, J.

Montoya-Lewis, J.

Stephens, J.

Whitener, J.

Gordon McCloud, J.

Leach, J.P.T.

20