IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| LEGAL COUNSEL FOR YOUTH AND CHILDREN, a nonprofit organization; LAVENDER RIGHTS PROJECT, a nonprofit organization; MOMSRISING, a nonprofit organization; OASIS YOUTH CENTER, a nonprofit organization; PEOPLE OF COLOR AGAINST AIDS NETWORK, a nonprofit organization; SEXUAL VIOLENCE LAW CENTER, a nonprofit organization; SOUTHWEST WASHINGTON EQUITY COALITION, a nonprofit organization; KARI LOMBARD, in her individual capacity; JANE DOE, in her individual capacity; and SOUTH WHIDBEY SCHOOL DISTRICT, a public school district,<br><br>Appellants,<br><br>v.<br><br>STATE OF WASHINGTON,<br><br>Respondent. | No. 87777-1-I<br><br><br><br><br><br>UNPUBLISHED OPINION |

BOWMAN, A.C.J. — In 2024, Washington voters approved Initiative-2081 (I-2081), commonly known as the "Parents' Bill of Rights." The legislature enacted the initiative, which it codified as RCW 28A.605.005. LAWS OF 2024, ch. 4, § 1. Legal Counsel for Youth and Children, Lavender Rights Project, MomsRising, Oasis Youth Center, People of Color Against Aids Network, Sexual Violence Law Center, Southwest Washington Equity Coalition, Kari Lombard, Jane Doe, and

South Whidbey School District (collectively LCYC) sued the state of Washington (State), challenging several provisions of the statute as unconstitutional, alleging I-2081 violated article II, section 37 of the Washington Constitution.  The trial court dismissed the lawsuit at summary judgment, and LCYC appealed.  Because the legislature then amended the challenged provisions of RCW 28A.605.005, we dismiss LCYC's appeal as moot.

FACTS

In 2024, Washington voters approved the Parents' Bill of Rights under I-2081.  LAWS OF 2024, ch. 4.  On March 4, 2024, our legislature enacted the initiative, and it became effective on June 6, 2024.  *Id.*  The legislature codified I-2081 as RCW 28A.605.005.  LAWS OF 2024, ch. 4, § 1.  The statute found that parental involvement is a "significant factor in increasing student achievement" and that "access to student information encourages greater parental involvement."  RCW 28A.605.005(1).  The statute sets forth rights for parents and legal guardians of public-school students 18 years old or younger to do certain things, such as examine the textbooks, curriculum, and supplemental material "used in their child's classroom" and to "inspect" their child's records.  RCW 28A.605.005(2).

On May 23, 2024, LCYC sued the State, challenging several portions of former RCW 28A.605.005 (2024).  LCYC argued that I-2081 violated article II, section 37 of the Washington State Constitution "because it implicate[d] laws beyond the purported parental rights contained in its text" and failed to disclose

2

those altered laws to the voters.[1]  LCYC asked for a judgment declaring that I-2081 violates article II, section 37 of the Washington Constitution and for injunctive relief barring former RCW 28A.605.005 from implementation and becoming effective.

On June 24, 2024, the court issued a partial preliminary injunction as to the portions of former RCW 28A.605.005 "related to the time in which schools must provide records and to students' medical, health, and mental health confidentiality."  The court denied LCYC's request for a preliminary injunction on the other challenged provisions.  The State and LCYC then cross moved for summary judgment.[2]  The State argued that I-2081 did not unconstitutionally amend or conflict with any existing laws.  LCYC argued that I-2081 did not adequately disclose that several of its provisions would replace or modify existing law.

First, LCYC challenged the initiative's requirement that schools provide a parent with a copy of their child's records within 10 business days of a written request.  It argued this provision modified RCW 28A.605.030, which incorporated FERPA's[3] rule allowing schools up to 45 days to produce these records.  *See* C.F.R. § 99.10(b).  Second, LCYC challenged the requirement that schools provide parents access to medical, health, and mental health counseling records,

---

[1] Under article II, section 37, "[n]o act shall ever be revised or amended by mere reference to its title, but the act revised or the section amended shall be set forth at full length."

[2] Let's Go Washington, Representative Jim Walsh, and Informed Choice Washington collectively intervened as defendants on summary judgment.  They are not parties on appeal.

[3] Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g.

arguing that this section modified the requirements of the Uniform Health Care Information Act, chapter 70.02 RCW, and other state privacy laws. Third, it argued I-2081's provision mandating parental notification by a school when a student accesses a youth shelter prevented DCYF[4] from carrying out procedures and safeguards required under RCW 13.32A.082.

Finally, LCYC challenged I-2081's requirement of written notice to parents and the option to opt their children out of "surveys, assignments, questionnaires, role-playing activities, . . . or other student engagements that include questions about" the child's sexual experiences or attractions; the child's family beliefs, morality, religion, or political affiliations; and the child's or a family member's mental health or psychological problems. Pointing to RCW 28A.150.210 on basic education,[5] LCYC argued I-2081 modified existing law that "carefully balance[d] parental access to classroom materials and limited curriculum opt-out rights . . . with schools' obligations to educate students for a diverse world."

On January 24, 2025, the trial court heard oral argument on both motions. The court granted the State's motion for summary judgment and dismissed LCYC's complaint with prejudice.

---

[4] Department of Children, Youth, and Families.

[5] RCW 28A.150.210 provides:
A basic education is an evolving program of instruction that is intended to provide students with the opportunity to become responsible and respectful global citizens, to contribute to their economic well-being and that of their families and communities, to explore and understand different perspectives, and to enjoy productive and satisfying lives. Additionally, the state of Washington intends to provide for a public school system that is able to evolve and adapt in order to better focus on strengthening the educational achievement of all students, which includes high expectations for all students and gives all students the opportunity to achieve personal and academic success.

On February 10, 2025, LCYC appealed. Then, during the 2025 legislative session, the legislature enacted House Bill 1296. ENGROSSED SUBSTITUTE HOUSE BILL 1296, 69th Leg., Reg. Sess. (Wash. 2025). In that bill, the legislature amended the former RCW 28A.605.005 provisions that LCYC challenged in its complaint, effective May 20, 2025. *See* LAWS OF 2025, ch. 369 § 501.

ANALYSIS

The State argues that we should dismiss LCYC's claims as moot because the legislature amended the challenged provisions of former RCW 28A.605.005, so the statute no longer suffers from LCYC's alleged defects. In reply, LCYC concedes that the issue is moot but asks this court to review the issue as a matter of continuing and substantial public interest. We agree with the State.

"A case is moot when it involves only abstract propositions or questions, the substantial issues in the trial court no longer exist, or a court can no longer provide effective relief." *AURC III, LLC v. Point Ruston Phase II, LLC*, 3 Wn.3d 80, 86, 546 P.3d 385 (2024). When an appeal is moot, it should be dismissed. *Klickitat County Citizens Against Imported Waste v. Klickitat County*, 122 Wn.2d 619, 631, 860 P.2d 390 (1993).

Here, LCYC asked for declaratory and injunctive relief from alleged unconstitutional provisions of I-2081, codified as former RCW 28A.605.005. But the legislature has amended former RCW 28A.605.005 and removed all the allegedly offensive language. As a result, no substantial issue exists in the trial court for which we can provide relief. LCYC's appeal is moot.

Although moot cases are generally dismissed, we may exercise our discretion to decide a moot case in the rare circumstance where matters of continuing and substantial public interest are involved. *Gonzales v. Inslee*, 2 Wn.3d 280, 289, 535 P.3d 864 (2023). To determine whether a case presents issues of continuing and substantial public interest, we consider (1) whether the case is a matter of public concern or simply a private dispute, (2) the need for an authoritative determination to guide public officials in the future, and (3) the likelihood of reoccurrence. *Id*. at 289-90[6] (citing *Randy Reynolds & Assocs., Inc. v. Harmon*, 193 Wn.2d 143, 152-53, 437 P.3d 677 (2019)). Consideration of these factors shows that review is not warranted here. While the question presented is a matter of public concern under the first factor, the remaining factors weigh against review.

The second factor looks to the need for an authoritative determination to guide public officials in the future. *Gonzales*, 2 Wn.3d at 289. At issue here is the application of article II, section 37 to the language of I-2081. And Washington courts have written extensively about the application of article II, section 37. *See, e.g.*, *Black v. Cent. Puget Sound Reg'l Transit Auth.*, 195 Wn.2d 198, 205, 457 P.3d 453 (2020); *Amalgamated Transit Union Loc. 587 v. State*, 142 Wn.2d 183, 247, 11 P.3d 762 (2000); *Wash. State Ass'n of Counties v. State*, 199 Wn.2d 1, 14, 502 P.3d 825 (2022). So, there is no need for us to

---

[6] We may also consider the quality of advocacy as a fourth factor. *Id*.

guide public officials on that issue.[7]

Finally, the third factor looks to the likelihood of reoccurrence. *Gonzales*, 2 Wn.3d at 289. LCYC challenges former RCW 28A.605.005 as violating the provisions of article II, section 37. Article II, section 37 sets out procedural requirements, including that a proposed law must "set forth at full length" any act that it revises or amends. LCYC's procedural challenge is limited to the wording of I-2081 as it was presented to the voters. Because the challenge is limited to the specific wording of proposed legislation, we cannot say the issue is likely to reoccur.[8]

Because LCYC's claim is moot and does not amount to an issue of continuing public interest, we dismiss its appeal.

_____, ACJ

WE CONCUR:

_____          _____
Feldman, J.                       Díaz, J.

---

[7] LCYC also argues that its challenge to former RCW 28A.605.005 presents a unique question warranting guidance because I-2081 was written as a "Bill of Rights." But LCYC provides no compelling argument that an initiative framed as a "Bill of Rights" changes how courts apply article II, section 37.

[8] LCYC argues the issue may recur because there are ongoing efforts to bring initiatives substantively similar to I-2081. But, even if new initiatives propose similar subject matter, it does not follow that they will necessarily give rise to the same procedural issues.

7