**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| CHRISTAL OLIVIA IRWIN, | No. 59944-9-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| STATE OF WASHINGTON and STEVEN HOBBS, Washington Secretary of State, | |
| Respondent. | |

CHE, J. — Christal Olivia Irwin appeals the dismissal of her petition for a writ of mandamus after the Washington Secretary of State rejected Irwin's declaration of candidacy for the 2024 general election. Raising a series of claims, Irwin requests that this court reverse the dismissal of her writ of mandamus and direct the superior court to order a special election for her sought-after office. Because the 2024 general election has passed and Irwin fails to argue that any mootness exception applies, we conclude that her appeal is moot and, accordingly, we dismiss Irwin's appeal.

FACTS

Candidates who wish to have their name printed on the Washington ballot for election to most offices must complete and file a declaration of candidacy with a certain "filing officer."[1]

---

[1] This statutory requirement does not apply to candidates for election to the office of the "president of the United States, vice president of the United States, or an office for which ownership of property is a prerequisite to voting." RCW 29A.24.031.

RCW 29A.24.031; RCW 29A.24.070. The Washington Secretary of State is the "filing officer" for those seeking to run for a superior court office. RCW 29A.24.070(1)(a). A candidate for a superior court position may file their declaration of candidacy with the secretary of state by mail, among other methods. RCW 29A.24.081(1); *see* RCW 29A.24.040 (electronic filing). If a mailed declaration of candidacy is "received by the filing officer after 5:00 p.m. on the last day for candidates to file for office," the declaration "shall be rejected and returned to the candidate attempting to file it." RCW 29A.24.081(3).

The candidate must accompany their declaration of candidacy with a filing fee. RCW 29A.24.091. Per statute, the filing fee amount depends on the annual salary of the office for which the candidate is running. RCW 29A.24.091. For an office with a fixed annual salary of more than one thousand dollars per year, the filing fee is equal to one percent of the annual salary for that office. RCW 29A.24.091(1).

Irwin sought to run for a superior court judge position in the 2024 general election. The last day for candidates to file a declaration of candidacy for this office was Friday, May 10, 2024. *See* RCW 29A.24.050(1). On Monday, May 6, Irwin mailed a declaration of candidacy to the secretary of state's elections division, along with a check for $2,173. Despite tracking information indicating that the declaration and check were delivered on Friday, May 10, the elections division received Irwin's declaration of candidacy and check on Monday, May 13. After determining that Irwin's filing fee was $0.91 short of one percent of the superior court judge position's annual salary, the elections division rejected Irwin's declaration of candidacy. The elections division thereafter returned Irwin's check.

Irwin filed a petition for writ of mandamus, requesting the superior court to direct the secretary of state to include Irwin's name on the 2024 general election ballot for the superior court judge position. After an expedited hearing on Irwin's petition, the superior court dismissed the petition.

The 2024 general election occurred in November 2024. *See* RCW 29A.04.321. Irwin was included in the election as a write-in candidate.

ANALYSIS

Irwin raises three claims on appeal. First, she argues that the superior court erred or abused its discretion in dismissing her petition for a writ of mandamus. Second, Irwin argues that the superior court's order of dismissal is invalid because the court failed to comply with certain civil rules. Finally, Irwin argues that RCW 29A.24.091's filing fee requirement is unconstitutional under Article I, § 19 of the Washington Constitution. The State responds that Irwin's appeal is moot. We agree with the State.

Generally, Washington appellate courts will not consider and dismiss cases that are moot. *Matter of Recall of Ruelas*, 5 Wn.3d 134, 135, 572 P.3d 1185 (2025). A case is moot if "a court can no longer provide effective relief." *AURC III, LLC v. Point Ruston Phase II, LLC*, 3 Wn.3d 80, 86, 546 P.3d 385 (2024). We have the discretion to consider even a moot case if the question is one "'of continuing and substantial public interest.'" *In re Guardianship of J.S.*, 35 Wn. App. 2d 103, 120, 573 P.3d 923 (2025) (quoting *In re Dependency of L.C.S.*, 200 Wn.2d 91, 99, 514 P.3d 644 (2022). Courts consider the following factors in determining whether an issue falls within this public interest exception: "'whether the issue is of public or private nature, whether

an authoritative determination is desirable to provide future guidance, and whether the issue is likely to reoccur.'" *Id.* (quoting *Dependency of L.C.S.*, 200 Wn.2d at 99).

The 2024 general election occurred over a year-and-a-half-ago and, thus, reversing the superior court's dismissal of Irwin's petition for writ of mandamus would provide no "effective relief." *AURC III*, 5 Wn.3d at 135. The election ballot on which Irwin sought to be included has already been issued and the election has passed, mooting Irwin's case. *See A Better Richland v. Chilton*, __ Wn. __, 583 P.3d 1, 4 (2026) (lead opinion of Whitener, J.), 8 (concurring opinion of González, J.) (agreeing that a challenge to an election is moot after the election has occurred). Although Irwin requests that a "special election" be directed to provide her with a post-election remedy, Irwin provides no authority that this is a remedy available through her appeal. *See DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962) ("Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none."); *see also* RAP 10.3(a)(6).

Moreover, Irwin does not address the issue of mootness or argue that any mootness exception, like the exception for issues of public interest, should apply to her claims. Thus, we decline to consider whether that exception compels our use of discretion to reach some or all of her claims here. *See Cave Props. v. City of Bainbridge Island*, 199 Wn. App. 651, 663, 401 P.3d 327 (2017) ("We generally do not address arguments the parties do not make in their appeal briefs.").

CONCLUSION

Because Irwin's appeal is moot, we dismiss her appeal.

No. 59944-9-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Lee, J.

Cruser, C.J.